**Appeal No. 24-1594**

# United States Court of Appeals
# For the Third Circuit

ANDY KIM, et al.,

*Plaintiffs-Appellees*,

v.

CHRISTINE GIORDANO HANLON, in her capacity as Monmouth County Clerk, et al.,

*Defendants-Appellants*.

On Appeal from an Interlocutory Order of
the United States District Court for the District of New Jersey
Case No. 3:24-cv-01098-ZNQ-TJB
District Judge: Honorable Zahid N. Quraishi

**BRIEF OF APPELLANT CAMDEN COUNTY DEMOCRATIC COMMITTEE IN SUPPORT OF MOTION TO EXPEDITE APPEAL**

Dated: April 2, 2024

William M. Tambussi, Esq.
Alyssa I. Lott, Esq.
**BROWN & CONNERY, LLP**
360 Haddon Avenue
Westmont, New Jersey 08108
Phone: (856) 854-8900
Fax: (856) 858-4967
Email: wtambussi@brownconnery.com
Email: alott@brownconnery.com
*Attorneys for Appellant,
Camden County Democratic Committee*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ...........................................................................................1

FACTUAL BACKGROUND ...........................................................................1

ARGUMENT .................................................................................................3

CONCLUSION ...............................................................................................6

CERTIFICATE OF BAR MEMBERSHIP .............................................................7

CERTIFICATE OF COMPLIANCE ......................................................................8

CERTIFICATE OF SERVICE ..............................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Purcell v. Gonzalez*,
549 U.S. 1 (2006)..................................................................................................4

*Tashjian v. Republican Party*,
479 U.S. 208 (1986)..............................................................................................5

## STATUTES

28 U.S.C. § 1657(a) ..........................................................................................3, 4

N.J.S.A. 19:23-24..................................................................................................1

## RULES

L.A.R. 4.1..........................................................................................................1, 4

# INTRODUCTION

Defendant-Appellant Camden County Democratic Committee ("CCDC") files this motion, pursuant to L.A.R. 4.1., seeking expedited consideration of this appeal from the district court's order preliminary enjoining, among other things, the use of any ballot that is designed by columns or rows, rather than by office sought, and further requiring the use of an office-block ballot with every office and candidate separately drawn for position within the office block. Expedited consideration of this appeal is warranted because the district court's order, on the eve of the 2024 Democratic Primary Election, substantially impacts the integrity and orderly administration of the election process.

# FACTUAL BACKGROUND

Plaintiffs Andy Kim, in his personal capacity as candidate for U.S. Senate, Andy Kim for New Jersey, Sarah Schoengood, Sarah for New Jersey, Carolyn Rush, and Carolyn Rush for Congress (collectively "Plaintiffs") challenge New Jersey's bracketing and ballot placement system and the procedures governing the ballot draw under N.J.S.A. 19:23-24. Plaintiffs allege that New Jersey's bracketing and ballot position and placement system violates their First and Fourteenth Amendment rights because the structure fails to treat similarly situated persons—that is, candidates pursuing the same office in the same political party—the same with respect to ballot order and placement. Plaintiffs request that the district court enjoin

the use of ballots featuring a "county line" in the 2024 Democratic Primary and instead require that counties adopt what is commonly referred to as an "office-block" ballot statewide.

On March 18, 2024, the district court conducted an evidentiary hearing on the record pursuant to Federal Rule of Civil Procedure 65. On March 29, 2024, the district court granted Plaintiffs' Motion for Preliminary Injunction. Regarding the New Jersey Primary Election, the district court enjoined Defendants from preparing, disseminating, using, displaying, or counting any ballot, in any form, whether on paper or electronic, that: (1) is designed by rows, rather than by office sought; (2) positions candidates on the ballot automatically based upon a ballot draw among candidates for a different office; (3) places candidates such that there is an incongruous separation from other candidates running for the same office; (4) places candidates underneath another candidate running for the same office, where the rest of the candidates are listed horizontally, or to the side of another candidate running for the same office, where the rest of the candidates are listed vertically; and (5) bracketing candidates together on the ballot such that candidates for different offices are featured on the same column (or row) of the ballot.

The district court further enjoined Defendants from conducting draws for ballot positions that do not include a separate drawing for every office and candidate, and where every candidate running for the same office has an equal chance at the

2

first ballot position. Defendants are further required to use a ballot for all voters, whether mail-in, at a polling site, or otherwise, that is organized by office sought (commonly known as a "office-block ballot,"), rather than by column or row, and which implements for each office on the ballot, a randomized ballot order system (e.g. random draw) which affords each candidate for the same office an equal chance at obtaining the first ballot position. On March 30, 2024, the district court clarified that its order granting Plaintiffs' Motion was limited to the 2024 Democratic Primary Election and declined to extend scope of its decision beyond the limitations of the present litigation to apply as to the 2024 Republican Primary.

On March 30, 2024, CCDC filed a notice of appeal and joined in a request before the district court for a stay of its order, which was denied. On April 1, 2024, CCDC filed in this Court an emergency motion for stay pending appeal. That same day, CCDC also filed its Opening Brief in support of the underlying appeal, for which CCDC now seeks expedited consideration.

## **ARGUMENT**

This Court should grant CCDC's motion for expedited consideration of the district court's order granting Plaintiffs' Motion for Preliminary Injunction.

Expedited consideration is warranted under 28 U.S.C. § 1657(a), which provides, in relevant part:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief . . . .

28 U.S.C. § 1657(a).

Here, CCDC appeals an order of the district court granting Plaintiffs' application for preliminary injunctive relief. As such, pursuant to 28 U.S.C. § 1657(a), expedited consideration of the underlying appeal is necessary.

Further, L.A.R. 4.1 states "a party who seeks to expedite a case must file a motion within 14 days after the opening of the case setting forth the exceptional reason that warrants expedition." L.A.R. 4.1. As argued in CCDC's Motion for Stay Pending Appeal, the Supreme Court in *Purcell* established the principle that, with respect to election cases, federal courts ordinarily should not enjoin a state's election laws prior to an impending election. There, the Supreme Court acknowledged that "court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase." *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). An exceptional reason exists warranting expedition as the district court's order enjoining the current bracketing and ballot placement system substantially impacts the integrity and orderly administration of the election as it compels a reconstruction of the ballot on the eve of the election, which will lead to voter confusion and voter disenfranchisement.

Second, the district court's order gives rise to equal protection concerns because it limits the scope of the injunction to the 2024 Democratic Primary only. Based on the district court's order, Democratic political party organizations such as CCDC are restricted in their ability to freely associate with Democratic candidates in the primary and to communicate that association to voters on a ballot that readily identifies the individuals who constitute the association in a manner that Republican political party organizations are not similarly restricted. Expedited consideration is justified to avoid the unequal treatment among political party factions.

Third, the public interest constitutes an exceptional reason for expedition. States have "legitimate interests in preventing voter confusion and providing for educated and responsible voter decisions." *Tashjian v. Republican Party*, 479 U.S. 208, 221-22 (1986). Expedited consideration is necessary to advance the legitimate interests in the integrity of the election process and having an informed electorate. The ballots as currently designed enable voters to identify the candidates that best represent their ideologies as the ballots are constructed in a manner that groups candidates by political affiliation. An office-block ballot does not provide the electorate with a firm understanding of the candidates who constitute the association in a manageable and understandable ballot. A change in ballot construction without the opportunity to educate the electorate on the changed ballot design is likely to

lead to voter confusion and disenfranchisement. These exceptional reasons warrant expedited consideration of CCDC's appeal.

In light of the importance of this appeal and the upcoming deadlines to draw and design the ballots, particularly the April 20, 2024 deadline for mailing of mail-in ballots for the primary election, CCDC submits the following proposed briefing schedule:

April 8, 2024: Appellees' Brief

April 15, 2024: Appellant's Reply Brief.

## **CONCLUSION**

For the foregoing reasons, CCDC respectfully requests that this Court grant the motion for expedited appeal.

Respectfully submitted,

**BROWN & CONNERY, LLP**
*Attorneys for Appellant,
Camden County Democratic Committee*

Dated: April 2, 2024   By: *s/ William M. Tambussi*
William M. Tambussi, Esq.
(NJ ID No. 031431983)
Alyssa I. Lott, Esq.
(NJ ID No. 324182020)
360 Haddon Avenue
Westmont, New Jersey 08108
Phone: (856) 854-8900
Fax: (856) 858-4967
Email: wtambussi@brownconnery.com
Email: alott@brownconnery.com

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Third Circuit L. App. R. 46.1(e), I hereby certify that I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

                                        **BROWN & CONNERY, LLP**
                                        *Attorneys for Appellant,*
                                        *Camden County Democratic Committee*

Dated: April 2, 2024         By: ***s/ William M. Tambussi***
                                        William M. Tambussi, Esq.
                                        Alyssa I. Lott, Esq.
                                        360 Haddon Avenue
                                        Westmont, New Jersey 08108
                                        Phone: (856) 854-8900
                                        Fax: (856) 858-4967
                                        Email: wtambussi@brownconnery.com
                                        Email: alott@brownconnery.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d), I hereby certify that the foregoing Brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) in that it contains 1,237 words of text in Times New Roman, 14-point font, excluding the parts of the Brief exempted from the type-volume limitation by Fed. R. App. P. 32(f).

Pursuant to Third Circuit L. App. R. 31.1(c), I hereby certify that the text of the electronic version of the foregoing Brief is identical to the text in the paper copies of the Brief.

Pursuant to Third Circuit L. App. R. 31.1(c), I hereby certify that a virus detection program, SentinelOne, Version 23.2.3.358, has been run on the electronic version of the Brief and that no virus was detected.

                                        **BROWN & CONNERY, LLP**
                                        *Attorneys for Appellant,*
                                        *Camden County Democratic Committee*

Dated: April 2, 2024                By: *s/ William M. Tambussi*
                                                William M. Tambussi, Esq.
                                                Alyssa I. Lott, Esq.
                                                360 Haddon Avenue
                                                Westmont, New Jersey 08108
                                                Phone: (856) 854-8900
                                                Fax: (856) 858-4967
                                                Email: wtambussi@brownconnery.com
                                                Email: alott@brownconnery.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2024, I caused a copy of the foregoing Brief of Appellant, Camden County Democratic Committee, in support of Motion to Expedite Appeal, to be filed electronically with the Clerk of the United States Court of Appeals for the Third Circuit via the CM/ECF system and simultaneously served on all parties to this appeal.

                                      **BROWN & CONNERY, LLP**
                                      *Attorneys for Appellant,*
                                      *Camden County Democratic Committee*

Dated: April 2, 2024        By: *s/ William M. Tambussi*
                                          William M. Tambussi, Esq.
                                          Alyssa I. Lott, Esq.
                                          360 Haddon Avenue
                                          Westmont, New Jersey 08108
                                          Phone: (856) 854-8900
                                          Fax: (856) 858-4967
                                          Email: wtambussi@brownconnery.com
                                          Email: alott@brownconnery.com