

**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.585.5330

September 27, 2024

**VIA ELECTRONIC MAIL**
Hon. Harvey Bartle III, U.S.D.J.
United States District Court for the
  District of New Jersey (by designation)
c/o United States District Court for the
  Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

                    Re:    *In re : Daniel's Law Compliance Litigation (D.N.J.)*

Dear Judge Bartle,

    We write on behalf of Plaintiffs Atlas Data Privacy Corporation ("Atlas") and the named individual plaintiffs (collectively, the "Plaintiffs"), to respectfully submit this letter brief in support of Plaintiffs' Motion to Seal certain materials filed by Defendants pursuant to Local Civil Rule 5.3(c). For the reasons set forth below, Plaintiffs respectfully request that the Court grant the motion to permanently seal documents that contain sensitive and personal information pertaining to individuals protected by Daniel's Law, as well as confidential business records of Atlas.

## BACKGROUND

    In July 2020, the son of a sitting New Jersey Federal Judge was tragically murdered at the family's home by a gunman who had obtained the family's address through online data broker services. *See* Complaint ¶¶ 5-7. This tragic incident, connected to a similar attack in California, highlights the necessity of the protections afforded by "Daniel's Law," which allows judges, law enforcement officers, and others to request that data brokers not publish their home addresses and phone numbers.

    New Jersey enacted "Daniel's Law" in November 2020 (P.L. 2020, c. 125, codified at N.J.S.A. 47:1A-1, *et seq.*, N.J.S.A 56:8-166.1, and N.J.S.A. 2C:20-31.1) to protect current and former judges, prosecutors, law enforcement officers, and their families ("Covered Persons"). This law upon request restricts the dissemination of personal information by data brokers, providing necessary safeguards for those individuals at heightened risk.

Hon. Harvey Bartle III, U.S.D.J.
September 27, 2024
Page 2 of 5



---

Atlas has taken significant legal action to enforce the rights of Cover Persons and enhance their security. Atlas has filed over 140 lawsuits in the New Jersey Superior Court alleging violations of Daniel's Law (the "Lawsuits"). Approximately half of these lawsuits were removed to federal court and are now before the Honorable Judge Harvey Bartle III, who is sitting by designation in the United States District Court for the District of New Jersey. These actions are crucial to enforcing the protections provided under Daniel's Law and ensuring that Covered Persons are safeguarded from the public disclosure of their personal information, which could otherwise expose them to undue risk and harm.

## PROCEDURAL HISTORY

The current Motion to Seal arises from Defendants' Consolidated Motion to Dismiss, ECF No. 27, in which Defendants submitted sensitive materials, including the Declaration of Serrin Turner, ECF No. 27-1, and various exhibits. *See* ECF Nos. 27-3 through 27-10, and 27-34. These materials contain personal, identifiable information pertaining to some Plaintiffs and confidential business records of Atlas, and Plaintiffs seek to permanently seal these documents to prevent their public disclosure, which could expose these individuals to serious harm or harassment.

The specific justification for the permanent sealing of each exhibit is detailed in Exhibit A of this Motion to Seal. These documents, initially filed under seal, contain sensitive information pertaining to individuals protected under Daniel's Law who are through this litigation seeking to limit disclosure of their personal information, for safety reasons. Plaintiffs now seek to ensure that these documents remain sealed to protect the privacy and safety of those individuals, which is consistent with the entire purpose of bringing these actions and pursuing this litigation.

During the status conference held on April 18, 2024, the Court emphasized the importance of safeguarding the privacy and safety of individuals protected under Daniel's Law. It is undisputed that the purpose of Daniel's Law is to safeguard the privacy and safety of the Covered Persons. *See* Ex. B (April 18, 2024, Hearing Transcript) at 26:14-16. During an exchange with counsel for Plaintiffs, the Court stated that "materials involving covered persons should not be disclosed on the public docket without a specific court order." *Id.* at 37:7-9. This statement was made in the context of discussing Defendants' request for discovery, emphasizing the need to protect sensitive information in compliance with the law. This supports Plaintiffs' request to seal the exhibits and declaration in question, as it underscores the importance of prioritizing the protection of Covered Persons under Daniel's Law.

Hon. Harvey Bartle III, U.S.D.J.
September 27, 2024
Page 3 of 5



## **LEGAL ARGUMENT**

Local Civil Rule 5.3 governs requests to seal documents filed with the Court. *See Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 203 (D.N.J. July 26, 2021). This rule requires that motions to seal within this District be made via a single, consolidated motion on behalf of all parties. *L. Civ. R. 5.3(c)(1)*. The motion must include an index providing with particularity: (1) the nature of the materials to be sealed, (2) the legitimate private or public interests warranting the relief sought, (3) the clearly defined and serious injury that would result if the materials are not sealed, (4) why a less restrictive alternative is not available, and (5) any previous orders sealing the same materials. There is a general presumption in favor of public access to judicial records; however, this presumption may be overcome by showing "good cause"—i.e., a particularized showing that disclosure will cause a clearly defined and serious injury. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The District of New Jersey has previously found good cause in sealing documents that include the personal contract information litigants or witnesses before the Court. *See e.g. Malhan v. Grewal,* 2020 WL 6689753 (November 13, 2020). This is the exact request here before the Court.

Defendants have expressed concern regarding Plaintiffs' request to seal these documents. They noted that some materials may not warrant sealing under Daniel's Law, particularly where the information is already publicly accessible or does not contain personally identifiable information linked to protected individuals. Defendants stated: "we need to know who these covered people are and the information they claim that they sent out." *See* Ex. B at 23:21-23. They appear to advocate for a more limited sealing order, redacting only certain information. *See* ECF No. 27-34 (Defendants' Request for Judicial Notice).

However, the materials Plaintiffs seek to seal meet the criteria under Local Civil Rule 5.3(c). First, Plaintiffs maintain that the exhibits, declaration, and Request for Judicial Notice in question contain highly sensitive information that pertains to public servants and other individuals protected by Daniel's Law, as well as confidential information belonging to Individual Plaintiffs. Public disclosure of this information would not only contravene the protections intended by the statute but also expose these individuals to potential harm or harassment. There is no discernable interest in publicizing the home address or contract information of these Plaintiffs in a permanent and public court filing. *Accord Mahlan*, *supra* at *2.

Second, the legitimate private and public interests strongly favor sealing the records. Safeguarding public servants and their families from harm is a critical concern, both for the individuals involved and for the broader public. The public has a vested interest in ensuring that these individuals are not exposed to undue risk through the dissemination of their personal information.



Hon. Harvey Bartle III, U.S.D.J.
September 27, 2024
Page 4 of 5

---

   Third, the injury that would result from denying this motion to seal is clearly defined and serious. During the April 18, 2024, status conference, the Court engaged in a detailed exchange regarding the confidentiality of Atlas's documents, including the terms of service and compliance lists. When asked about the nature of these documents, counsel confirmed that the terms of service, while a standard contract contains sensitive information that could reveal how Atlas's systems operate, posing security risks. *See* Ex. B at 58:17-62:23.

   The Court acknowledged the need for a practical approach, indicating that while some disclosure might be necessary, it could be done under protective measures. The Court states that the "terms of service is protected from disclosure, except by attorneys, until further order of the Court." *See* Ex. B at 61:14-62:22. Counsel for Plaintiff agreed, emphasizing the importance of confidentiality to prevent potential security risks and to protect the operational flow of Atlas: "If an outsider looks at that terms of service, they may be able to understand better how Atlas's systems work. And obviously Atlas takes its security very carefully and wants to ensure that it's protecting, you know, not only its users but protecting itself from external attacks, et cetera." *See* Ex. B at 60:25-61:8, 62:23-63:1.

   Furthermore, the Court emphasized the need for compliance with the statute and expressed concerns about potential harm to Plaintiffs and Covered Persons. Specifically, the Court stated, "And it just seems to me, you know, in the interests of compliance with the law, and some defendants say they may make a good faith effort to delete information, that should be in your interest too and your clients' interest; And it may obviously prevent further damage. And you won't collect as much if you're successful in the case, but we're talking about the public interest here, assuming the statute—." *See* Ex. B at 62:14-22, 63:5-8. This statement directly supports Plaintiffs' request to seal these materials permanently, as it prioritizes the public interest in protecting the safety of Covered Persons over any potential financial considerations or public access to these records.

   Finally, there is no less restrictive alternative available to protect the sensitive information at issue. Redacting portions of the documents would not sufficiently safeguard the personal information of Covered Persons, as the certification and exhibits in question contain detailed data that could still be misused. Permanent sealing is the only effective measure to prevent potential harm.

Hon. Harvey Bartle III, U.S.D.J.
September 27, 2024
Page 5 of 5



### **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Seal the Declaration of Serrin Turner and the accompanying exhibits filed in connection with Defendants' Consolidated Motion to Dismiss. The sealing of these materials is necessary to prevent serious harm to the Covered Persons under Daniel's Law and to uphold the statute's critical protections.

Thank you for your consideration of this matter.

Respectfully submitted,

**PEM LAW LLP**

*s/ Rajiv D. Parikh*

RAJIV D. PARIKH

RDP/JAM:

c:    All counsel of record (via CM/ECF)