PREPARED BY:

**PEM LAW LLP**
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Jessica A. Merejo, Esq.
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: Rparikh@pemlawfirm.com
         Keinhorn@pemlawfirm.com
         Jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>BLACKBAUD, INC., et al. | CIVIL ACTION NO. 24-3993<br><br>(Hon. Harvey Bartle, III) |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>WHITEPAGES, INC., et al. | CIVIL ACTION NO. 24-3998 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>HIYA, INC., et al. | CIVIL ACTION NO. 24-4000 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>WE INFORM, LLC, et al. | CIVIL ACTION NO. 24-4037 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>INFOMATICS, LLC, et al. | CIVIL ACTION NO. 24-4041 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>THE PEOPLE SEARCHERS, LLC, et al. | CIVIL ACTION NO. 24-4045 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC., et al. | CIVIL ACTION NO. 24-4073 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>DM GROUP, INC., et al. | CIVIL ACTION NO. 24-4075 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>CARCO GROUP INC., et al. | CIVIL ACTION NO. 24-4077 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>DELUXE CORPORATION, et al. | CIVIL ACTION NO. 24-4080 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>TWILIO INC., et al. | CIVIL ACTION NO. 24-4095 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>QUANTARIUM ALLIANCE, LLC, et al. | CIVIL ACTION NO. 24-4098 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>YARDI SYSTEMS, INC., et al. | CIVIL ACTION NO. 24-4103 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>6SENSE INSIGHTS, INC., et al. | CIVIL ACTION NO. 24-4104 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>LIGHTBOX PARENT, L.P., et al. | CIVIL ACTION NO. 24-4105 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>SEARCH QUARRY, LLC, et al. | CIVIL ACTION NO. 24-4106 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ACXIOM, LLC, et al. | CIVIL ACTION NO. 24-4107 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ENFORMION, LLC, et al. | CIVIL ACTION NO. 24-4110 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>COSTAR GROUP, INC., et al. | CIVIL ACTION NO. 24-4111 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, et al. | CIVIL ACTION NO. 24-4112 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>RED VIOLET, INC., et al. | CIVIL ACTION NO. 24-4113 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>RE/MAX, LLC, et al. | CIVIL ACTION NO. 24-4114 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>EPSILON DATA MANAGEMENT, LLC, et al. | CIVIL ACTION NO. 24-4168 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>PEOPLE DATA LABS, INC., et al. | CIVIL ACTION NO. 24-4171 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>LABELS & LISTS, INC., et al. | CIVIL ACTION NO. 24-4174 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>CLARITAS, LLC, et al. | CIVIL ACTION NO. 24-4175 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>INNOVIS DATA SOLUTIONS INC., et al. | CIVIL ACTION NO. 24-4176 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ACCURATE APPEND, INC., et al. | CIVIL ACTION NO. 24-4178 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>DATA AXLE, INC., et al. | CIVIL ACTION NO. 24-4181 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>REMINE INC., et al. | CIVIL ACTION NO. 24-4182 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>LUSHA SYSTEMS, INC., et al. | CIVIL ACTION NO. 24-4184 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br><br>TELTECH SYSTEMS, INC., et al. | CIVIL ACTION NO. 24-4217 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br><br>PEOPLECONNECT, INC., et al. | CIVIL ACTION NO. 24-4227 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>CORELOGIC, INC., et al. | CIVIL ACTION NO. 24-4230 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>BLACK KNIGHT TECHNOLOGIES, LLC, et al. | CIVIL ACTION NO. 24-4233 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ZILLOW, INC., et al. | CIVIL ACTION NO. 24-4256 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>EQUIMINE, INC., et al. | CIVIL ACTION NO. 24-4261 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>THOMSON REUTERS CORPORATION, et al. | CIVIL ACTION NO. 24-4269 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>CHOREOGRAPH LLC, et al. | CIVIL ACTION NO. 24-4271 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>TRANSUNION, LLC, et al. | CIVIL ACTION NO. 24-4288 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>MELISSA DATA CORP., et al. | CIVIL ACTION NO. 24-4292 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>EQUIFAX INC., et al. | CIVIL ACTION NO. 24-4298 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>SPOKEO, INC., et al. | CIVIL ACTION NO. 24-4299 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>i360, LLC, et al. | CIVIL ACTION NO. 24-4345 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>TELNYX LLC, et al. | CIVIL ACTION NO. 24-4354 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>GOHUNT, LLC, et al. | CIVIL ACTION NO. 24-4380 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ACCUZIP, INC., et al. | CIVIL ACTION NO. 24-4383 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>SYNAPTIX TECHNOLOGY, LLC, et al. | CIVIL ACTION NO. 24-4385 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>JOY ROCKWELL ENTERPRISES, INC., et al. | CIVIL ACTION NO. 24-4389 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>FORTNOFF FINANCIAL, LLC, et al. | CIVIL ACTION NO. 24-4390 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>MYHERITAGE, LTD., et al. | CIVIL ACTION NO. 24-4392 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>E-MERGES.COM, INC., et al. | CIVIL ACTION NO. 24-4434 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>WILAND, INC., et al. | CIVIL ACTION NO. 24-4442 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ATDATA, LLC, et al. | CIVIL ACTION NO. 24-4447 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>PRECISELY HOLDINGS, LLC, et al. | CIVIL ACTION NO. 24-4571 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>NUWBER, INC., et al. | CIVIL ACTION NO. 24-4609 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ROCKETREACH LLC, et al. | CIVIL ACTION NO. 24-4664 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>OUTSIDE INTERACTIVE INC., et al. | CIVIL ACTION NO. 24-4696 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>VALASSIS DIGITAL CORP., et al. | CIVIL ACTION NO. 24-4770 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>THE LIFETIME VALUE CO. LLC, et al. | CIVIL ACTION NO. 24-4850 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>BELLES CAMP COMMUNICATIONS, INC., et al. | CIVIL ACTION NO. 24-4949 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al._<br><br>v.<br><br>FIRST AMERICAN FINANCIAL CORPORATION., et al. | CIVIL ACTION NO. 24-5334 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>PROPERTY RADAR INC., et al. | CIVIL ACTION NO. 24-5600 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>THE ALESCO GROUP, L.L.C., et al. | CIVIL ACTION NO. 24-5656 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>SEARCHBUG, INC., et al. | CIVIL ACTION NO. 24-5658 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br><br>AMERILIST, INC. et al. | CIVIL ACTION NO. 24-5775 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, et al. | CIVIL ACTION NO. 24-6160 |

# ORDER GRANTING PLAINTIFFS' MOTION TO SEAL MATERIALS PURSUANT TO LOCAL CIVIL RULE 5.3(c)

**THIS MATTER** having come before the Court upon the Motion of PEM Law LLP, attorneys for Plaintiffs, pursuant to Local Civil Rule 5.3(c), for an Order to seal their Confidential and/or Highly Confidential Information from certain select portions of the following:

1. The Declaration of Serrin Turner (ECF No. 27-1);
2. Exhibit 2 – Mortgage 1 (ECF No. 27-3);
3. Exhibit 3 – Mortgage 2 (ECF No. 27-4);
4. Exhibit 4 – Mortgage 3 (ECF No. 27-5);
5. Exhibit 5 – LinkedIn Page (ECF No. 27-6);
6. Exhibit 6 – Realtor Profile (ECF No. 27-7);
7. Exhibit 7 – NJSPBA Press Release (ECF No. 27-8);
8. Exhibit 8 – Retirement Party Announcement (ECF No. 27-9);
9. Exhibit 9 – Business Profile (ECF No. 27-10);
10. Exhibit 14 – Atlas Daniel's Law Service Terms (ECF No. 27-15);
11. Exhibit 15 – Atlas Spreadsheet (ECF No. 27-16); and
12. Defendants' Request for Judicial Notice (ECF No. 27-34).

(collectively, "Confidential Documents"); and the Court having considered the papers submitted in support of the within Motion; to Seal ("Motion"), and having

found that the standards of Local Civil Rule 5.3(c)(3) have been met, and hereby makes the following findings of fact and conclusions of law:

## I.     The Nature of the Materials or Proceedings at Issue

### A. Findings of Fact

1. Plaintiffs seek to permanently seal the Confidential Documents filed by Defendants with their consolidated motion to dismiss.

2. Local Civil Rule 5.3(c) requires the moving party to show:

   a) The nature of the materials or proceedings at issue;

   b) The legitimate private or public interests which warrant the relief sought;

   c) The clearly defined and serious injury that would result if the relief sought is not granted; and

   d) Why a less restrictive alternative to the relief sought is not available.

3. The Confidential Documents in question reveal, contain, and/or reflect Atlas Privacy Data Corporation's ("Atlas") or Individual Plaintiffs' confidential or personal information. By definition, these documents contain personal identifying information of Covered Persons as defined under New Jersey's Daniel's Law, N.J.S.A. 47:1A-1 *et seq.*, N.J.S.A. 56:8-166.1, and N.J.S.A. 2C:20-31.1. The Individual Plaintiffs have filed this action to try to

remove and restrict access to this information on the Internet or other sources. This information is either currently confidential and is not publicly accessible or is sensitive personal information.

### B. Conclusions of Law

1. Common law recognizes a public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

2. This Court has the authority to seal records where the disclosure of confidential information may occur. Indeed, this Court has previously determined that there is no discernable public interest in publishing a home address of certain individuals on the Court's public docket. *See e.g. Mahlan v. Grewal*, 2020 WL 6689753 (November 13, 2020).

3. The privacy rights of Covered Persons, as protected under Daniel's Law, provide a compelling interest in preventing the disclosure of their personal identifying information on the permanent docket of the Court. The public release of

this information could result in serious harm, including threats to their safety and well-being.

## II.   The Legitimate Private or Public Interest That Warrants the Relief Sought

### A. Findings of Fact

1. The Confidential Documents sought to be sealed consist of information that Plaintiffs assert is confidential and/or personally sensitive.

2. Plaintiffs have a significant interest in not publicly disclosing this information in a permanent and replicable way. Additionally, the protection of Covered Persons' privacy rights under Daniel's Law is a paramount concern that justifies the sealing of these documents.

### B. Conclusions of Law

1. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

2. Courts may deny access to and seal a document when it encompasses business information that could harm a litigant's competitive standing, as well as when it involves sensitive personal information that could violate privacy rights and

result in harm to individuals. *See Littlejohn*, 851 F.2d at 678; *Kratovil v. City of New Brunswick*, 2024 WL 1826867 (App. Div. Apr. 26, 2024); *Mahlan*, *supra*.

3. In addition, the District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id*. (citations omitted).

**III. <u>Clearly Defined and Serious Injury Would Result if the Relief Sought Is Not Granted.</u>**

**A. Findings of Fact**

1. The public disclosure of the Confidential Documents, which contain non-public business information and the personal identifying information of Individual Plaintiffs, would pose a substantial risk of business harm to Atlas, as well as to the personal safety and privacy of the Individual Plaintiffs.

2. If the Confidential Documents were to become publicly available, Atlas' competitors could potentially use that information in the highly competitive data privacy marketplace. Additionally, the disclosure of Covered Persons' personal

15

information on a permanent Court docket could lead to threats to their safety and well-being, undermining the protections afforded by Daniel's Law.

### B. Conclusions of Law

1. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

2. The protection of a party's interest in confidential information, and the safeguarding of individuals' privacy rights are sufficient threats of irreparable harm and are clearly defined as serious injuries. *See Publicker*, 733 F.2d at 1071.

### IV. No Less Restrictive Alternative is Available

### A. Findings of Fact

1. The request to seal the Confidential Documents is narrowly tailored to restrict access only to Atlas' confidential non-public information and the personal identifying information of Covered Persons.

2. The disclosure of this confidential information, as well as the personal identifying information of Covered Persons, would pose a risk to Atlas and a significant threat to the privacy and safety of Covered Persons. Accordingly, the only way to protect these confidential interests is to seal the Confidential Documents.

3. Only those portions of the Confidential Documents containing Atlas' confidential non-public information and personal identifying information will be sealed as set forth in Exhibit A of Atlas' Motion.

**B. Conclusions of Law**

1. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

2. Under Local Civil Rule 5.3(c)(2), the party seeking to seal documents must describe why no less restrictive alternative to the relief sought is available.

3. For all the above reasons, and because Plaintiffs' interests in the Confidential Documents identified herein, including the protection of Covered Persons' privacy rights, outweigh the minimal, if any, public interest in their disclosure, there is good cause to grant the Motion to Seal with respect to the Confidential Documents identified above.

**THEREFORE**, for the above reasons, it is on this _____ day of October, 2024,

**IT IS ORDERED** that Plaintiffs' Motion, pursuant to Local Civil Rule 5.3(c), to permanently seal: (1) The Declaration of Serrin Turner, (2) Exhibits 2 through 9, (3) Exhibits 14 and 15, and (4) Defendants' Request for Judicial Notice filed in

support of Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 27), is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the aforementioned Confidential Documents shall be permanently sealed and maintained under seal by the Court.

**IT IS SO ORDERED**.

_____

HON. HARVEY BARTLE III, U.S.D.J.

Dated: