# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., et al. | CIVIL ACTION NO. 24-4073 |
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> v. <br><br> DM GROUP, INC., et al. | CIVIL ACTION NO. 24-4075 |
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> v. <br><br> CARCO GROUP INC., et al. | CIVIL ACTION NO. 24-4077 |
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> v. <br><br> DELUXE CORPORATION, et al. | CIVIL ACTION NO. 24-4080 |
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> v. <br><br> TWILIO INC., et al. | CIVIL ACTION NO. 24-4095 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>QUANTARIUM ALLIANCE, LLC, et al. | CIVIL ACTION NO. 24-4098 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>YARDI SYSTEMS, INC., et al. | CIVIL ACTION NO. 24-4103 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>LIGHTBOX PARENT, L.P., et al. | CIVIL ACTION NO. 24-4105 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ACXIOM, LLC, et al. | CIVIL ACTION NO. 24-4107 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ENFORMION, LLC, et al. | CIVIL ACTION NO. 24-4110 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>COSTAR GROUP, INC., et al. | CIVIL ACTION NO. 24-4111 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | |
| | CIVIL ACTION NO. 24-4112 |
| v. | |
| ORACLE INTERNATIONAL CORPORATION, et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al. | |
| | CIVIL ACTION NO. 24-4113 |
| v. | |
| RED VIOLET, INC., et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al. | |
| | CIVIL ACTION NO. 24-4114 |
| v. | |
| RE/MAX, LLC, et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al. | |
| | CIVIL ACTION NO. 24-4168 |
| v. | |
| EPSILON DATA MANAGEMENT, LLC, et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al. | |
| | CIVIL ACTION NO. 24-4171 |
| v. | |
| PEOPLE DATA LABS, INC., et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al. | |
| | CIVIL ACTION NO. 24-4178 |
| v. | |
| ACCURATE APPEND, INC., et al. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>REMINE INC., et al. | CIVIL ACTION NO. 24-4182 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>TELTECH SYSTEMS, INC., et al. | CIVIL ACTION NO. 24-4217 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>PEOPLECONNECT, INC., et al. | CIVIL ACTION NO. 24-4227 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>CORELOGIC, INC., et al. | CIVIL ACTION NO. 24-4230 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ZILLOW, INC., et al. | CIVIL ACTION NO. 24-4256 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>TRANSUNION, LLC, et al. | CIVIL ACTION NO. 24-4288 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>MELISSA DATA CORP., et al. | CIVIL ACTION NO. 24-4292 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>SPOKEO, INC., et al. | CIVIL ACTION NO. 24-4299 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>RESTORATION OF AMERICA, et al. | CIVIL ACTION NO. 24-4324 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>i360, LLC, et al. | CIVIL ACTION NO. 24-4345 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>TELNYX LLC, et al. | CIVIL ACTION NO. 24-4354 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>GOHUNT, LLC, et al. | CIVIL ACTION NO. 24-4380 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>JOY ROCKWELL ENTERPRISES, INC., et al. | CIVIL ACTION NO. 24-4389 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>MYHERITAGE, LTD., et al. | CIVIL ACTION NO. 24-4392 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>E-MERGES.COM, INC. | CIVIL ACTION NO. 24-4434 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>WILAND, INC., et al. | CIVIL ACTION NO. 24-4442 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ATDATA, LLC, et al. | CIVIL ACTION NO. 24-4447 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>PRECISELY HOLDINGS, LLC, et al. | CIVIL ACTION NO. 24-4571 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>ROCKETREACH LLC, et al. | CIVIL ACTION NO. 24-4664 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>OUTSIDE INTERACTIVE INC., et al. | CIVIL ACTION NO. 24-4696 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>VALASSIS DIGITAL CORP., et al. | CIVIL ACTION NO. 24-4770 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>THE LIFETIME VALUE CO. LLC, et al. | CIVIL ACTION NO. 24-4850 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>FIRST AMERICAN FINANCIAL CORPORATION., et al. | CIVIL ACTION NO. 24-5334 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>PROPERTYRADAR, INC., et al. | CIVIL ACTION NO. 24-5600 |

| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>THE ALESCO GROUP, L.L.C., et al. | CIVIL ACTION NO. 24-5656 |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>SEARCHBUG, INC., et al. | CIVIL ACTION NO. 24-5658 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>AMERILIST, INC. et al. | CIVIL ACTION NO. 24-5775 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, et al. | CIVIL ACTION NO. 24-6160 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>v.<br><br>US DATA CORPORATION, et al. | CIVIL ACTION NO. 24-7324 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.    Introduction ................................................................................................1

II.   Daniel's Law is Facially Unconstitutional Because it Has No
      Culpability Requirement ...........................................................................2

    A.    Laws Punishing Speech Must Have Fault Requirements ...................2
    B.    A No-Fault Content-Based Restriction Is Especially
        Problematic.........................................................................................4
    C.    Daniel's Law Is an Unconstitutional Strict Liability Statute ...............5

III.  If This Court Reads In A Culpability Requirement, It Should Require
      Intent ..........................................................................................................8

IV.   Conclusion ................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Counterman v. Colorado,*
600 U.S. 66 (2023).................................................................2, 3, 9

*Cox Broad. Corp. v. Cohn,*
420 U.S. 469 (1975)....................................................................4

*Custis v. United States,*
511 U.S. 485 (1994)....................................................................6

*G.D. v. Kenney,*
15 A.3d 300 (N.J. 2011)............................................................10

*Gertz v. Robert Welch, Inc.,*
418 U.S. 323 (1974)....................................................................3

*Hess v. Indiana,*
414 U.S. 105 (1973)....................................................................3

*Jeter v. New Jersey Transit,*
2009 WL 1118727 (N.J. App. Div. Apr. 28, 2009)...........................10

*Maine Cmty. Health Options v. United States,*
590 U.S. 296 (2020)....................................................................5

*Meyer v. Holley,*
537 U.S. 280 (2003)..................................................................10

*New York Times Co. v. Sullivan,*
376 U.S. 254 (1964)....................................................................3

*Packard v. Provident Nat. Bank,*
994 F.2d 1039 (3d Cir. 1993)........................................................8

*Reed v. Town of Gilbert, Ariz.,*
576 U.S. 155 (2015)....................................................................4

*Ross v. Blake,*
578 U.S. 632 (2016)....................................................................6

*Schrader v. Dist. Att'y of York Cnty.*,
　74 F.4th 120 (3d Cir. 2023) ...................................................................4

*Smith v. California*,
　361 U.S. 147 (1959)...............................................................................2, 8

*State v. Pomianek*,
　110 A.3d 841 (N.J. 2015) ......................................................................8

*The Florida Star v. B.J.F.*,
　491 U.S. 524 (1989)...............................................................................3, 5, 9

*Time, Inc. v. Hill*,
　385 U.S. 374 (1967)...............................................................................3

*United States v. Hansen*,
　599 U.S. 762 (2023)...............................................................................2

## STATUTES

N.J.S.A. 2C:20-31.1(d) ...............................................................................6

N.J.S.A. 56:8-166.1(a) (2021) .....................................................................5

N.J.S.A. 56:8-166.1(a)(1) ...........................................................................5, 6, 7

N.J.S.A. 56:8-166.1(a)(2) ...........................................................................5, 6

N.J.S.A. 56:8-166.1(c)(1) ...........................................................................5

## TREATISES

Restatement (2d) of Torts § 652(A)...........................................................10

Restatement (Second) of Torts, § 652B.....................................................10

## I.    INTRODUCTION

Daniel's Law is an impermissible content-based restriction on truthful, protected speech that lacks any culpability requirement. The Supreme Court has never sanctioned such a law. To the contrary, even for unprotected speech of low-to-no constitutional value, the First Amendment requires a culpable mental state before liability may be imposed. This Court should follow the Supreme Court's routine practice of striking down—not re-writing—content-based speech restrictions that do no not meet constitutional requirements.

If this Court is nonetheless inclined to write a culpability requirement into the statute, then that requirement should be based on intent, *i.e.*, the specific intent to publish a covered person's home address or unpublished home telephone number despite knowing that a covered person has made a valid request under the statute. Plaintiffs have sought to justify the speech restriction here based on the common law tort of invasion of privacy. But that tort in New Jersey requires intentional conduct. No less should be required here. Indeed, the lack of any such intent requirement is a key part of what is wrong about this case: Defendants did not *intend* to "disclose" any covered person's information in disregard of any valid non-disclosure requests; rather, the email blasts sent out by Atlas were designed to frustrate any effort to act on them within a short timeframe—*i.e.* to make Defendants liable regardless of their intent. Any culpability requirement should not brook such litigation gamesmanship.

## II.    DANIEL'S LAW IS FACIALLY UNCONSTITUTIONAL BECAUSE IT HAS NO CULPABILITY REQUIREMENT

To the joining Defendants' knowledge, the Supreme Court has never upheld a content-based law imposing liability on fully protected speech without a culpability requirement. Indeed, it has rejected "categorical prohibitions" on truthful, protected speech with "no scienter" showing needed to impose damages "where important First Amendment interests are at stake." *Florida Star v. B.J.F.*, 491 U.S. 524, 539 (1989). Even for *unprotected* speech like true threats, the Supreme Court has held that "the First Amendment . . . demand[s] a subjective mental-state requirement." *Counterman v. Colorado*, 600 U.S. 66, 75 (2023). Daniel's Law imposes a content-based restriction on *protected* speech and contains no such requirement. It is facially unconstitutional.

### A.    Laws Punishing Speech Must Have Fault Requirements

"Prohibitions on speech have the potential to chill, or deter, speech outside their boundaries." *Counterman*, 600 U.S. at 75. Because the First Amendment requires "breathing room for free expression," *United States v. Hansen*, 599 U.S. 762, 769 (2023), it does not permit laws that might cause speakers to "'self-censor[]'" so as to "steer[] 'wide of the unlawful zone.'" *Counterman*, 600 U.S. at 75. An essential tool to prevent such chilling "is to condition liability on the State's showing of a culpable mental state." *Id.* at 77. Failing to impose such a safeguard, or "punishing [speech] without regard to scienter[,] would 'have the collateral effect

2

of inhibiting' protected expression"—a result that is anathema to the First Amendment. *Id.* (quoting *Smith v. California*, 361 U.S. 147, 151 (1959)).

Accordingly, before imposing tort liability, the Court has demanded some form of culpability requirement. For example, in the defamation context, "actual malice" is required for public officials, *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964), and even for private figures, at a minimum, negligence is required, *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974); *see also Time, Inc. v. Hill*, 385 U.S. 374, 397 (1967) (recklessness required for false light). This follows the Court's broader rule that laws restricting even unprotected speech—i.e., speech "'of such slight social value . . . that any benefit that may be derived … is clearly outweighed by the social interest' in [its] proscription"—must include a mens rea requirement. *Counterman*, 600 U.S. at 73-74 (citation omitted); *see id.* at 79-80 (recklessness required for true threats); *Hess v. Indiana*, 414 U.S. 105, 109 (1973) (intent required for incitement).

This rule applies *a fortiori* to truthful, protected speech. Consider the Supreme Court's decision in *Florida Star*. There, a newspaper had been held liable for publishing a crime victim's name under a "negligence *per se*" standard, based on a statute that contained no "scienter requirement of any kind." *See id.* at 528, 539. The Supreme Court reversed, holding that it would be "perverse" if "truthful publications [we]re less protected . . . than even the least protected defamatory falsehoods." *Id.*

3

at 539; *see id.* at 540 (explaining why "individualized adjudication" of fault is "indispensable" for speech-restrictive laws). That result, the Court found, was not constitutionally permissible.

### B. A No-Fault Content-Based Restriction Is Especially Problematic

The concerns with proscribing truthful speech without a culpability requirement are all the more acute when evaluating a statute, like Daniel's Law, that imposes a *content-based* restriction on protected speech. Content-based restrictions are among the most invidious and suspect types of regulations on speech. *See, e.g.*, *Schrader v. Dist. Att'y of York Cnty.*, 74 F.4th 120, 127 (3d Cir. 2023) (holding content-based restriction justifed by privacy interest unconstitutional as-applied); *see also Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 495 (1975) (rejecting liability for invasion of privacy where liability would turn on "the content of a publication"). Such restrictions are "presumptively unconstitutional," "even if [they] do[] not discriminate among viewpoints within that subject matter." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163, 169 (2015). A content-based speech restriction is unconstitutional unless it is the least restrictive means of furthering the state's asserted interest. And a no-fault statute lacking any culpability requirement plainly cannot be the least restrictive means of regulating speech. *Cf. Schrader*, 74 F.4th at 127 (holding that criminal sanction with a "willfulness" mens rea requirement failed strict scrutiny where civil penalties could have been used instead).

### C.    Daniel's Law Is an Unconstitutional Strict Liability Statute

Like the law in *Florida Star*, Daniel's Law is written as a strict liability statute. Daniel's Law states only that on "written notice to the person from whom the authorized person is seeking nondisclosure," an entity "shall not disclose or re-disclose on the Internet or otherwise make available" covered information, beginning "not later than 10 business days following receipt thereof." N.J.S.A. 56:8-166.1(a)(1), (2). And "liability follows automatically from" a violation, *Florida Star*, 491 U.S. at 539, without any requirement of culpability. Nothing in Daniel's Law requires knowledge that a notice was "received." There is not even room for courts to assess a defendant's mental state in imposing damages; the statute simply says that courts "*shall* award" actual damages, not less than liquidated damages of $1,000. N.J.S.A. 56:8-166.1(c)(1) (emphasis added); *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 310 (2020) ("[T]he word 'shall' usually connotes a requirement"). So here, as in *Florida Star*, the First Amendment prohibits imposing liability without any inquiry into a speaker's mental state.

This result is especially clear in light of the legislative history and statutory context. At one point, Daniel's Law prohibited disclosure only when "*a reasonable person would believe* that providing that information would expose another to harassment or risk of harm to life or property." N.J.S.A. 56:8-166.1(a) (2021) (emphasis added). But the Legislature removed that language, indicating its intent

to impose liability *without* requiring any kind of negligence, and instead automatically following a violation. N.J.S.A 56:8-166.1(a). On the other hand, the Legislature included mens rea requirements in the criminal provisions it enacted to punish violations of Daniel's Law—more evidence that if the Legislature intended to impose a culpability requirement, it knew how to do so. *See* N.J.S.A. 2C:20-31.1(d); *see Custis v. United States*, 511 U.S. 485, 492 (1994) (finding that "Congress' omission of similar language in [one provision] indicates that it did not intend to give defendants" the same right included in the other provision).

Plaintiffs and the Attorney General ("AG") resist this conclusion, positing that Daniel's Law requires "negligence." Tr. of Oral Arg. at 79:3-13 (Plaintiffs); *id.* at 93:22-23 (AG). But the concept of negligence does not appear anywhere in the law's text—which requires only (1) receipt of "written notice" and (2) disclosure or "mak[ing] available" of covered information 11 business days later. N.J.S.A. 56:8-166.1(a)(1), (2). And, as noted above, the Legislature actually *removed* the only limited culpability requirement that was previously in the civil section of the statute.

Plaintiffs and the AG suggested at oral argument that the "written notice" requirement, which was added when the limited negligence requirement was deleted, somehow imposes a negligence standard. *See* Tr. of Oral Arg. at 83:2-4 (Plaintiffs); *id.* at 93:22-23 (AG). This is wholly unfounded, for several reasons.

6

*First*, this Court must "presume" that the Legislature "intends" its amendment to the law "to have real and substantial effect." *Ross v. Blake*, 578 U.S. 632, 641-42 (2016). Reading the notice requirement to simply replace the prior negligence requirement would improperly "act[] as though" the amendment "had not taken place." *Id.* at 642.

*Second*, and more importantly, the written-notice requirement does not "set[] up a kind of reasonable person standard" that negligence demands. Tr. of Oral Arg. at 94:4-5. Nothing in the written-notice provision actually limits liability to situations where a defendant acts unreasonably in any way. For example, if a covered person sends the requisite "written notice," but it is accidentally dropped on a mailroom floor, liability might still attach if a court found it to constitute "receipt." The same goes if a sole proprietorship is found to "receive" a notice while the owner is traveling on holiday without access to email. Indeed, it is apparent that *Plaintiffs* believe Daniel's Law imposes liability even if a litigation vehicle sends thousands of purported "notices" over the December holidays, in a manner that obviously risked that the messages would be blocked by spam filters, and compliance complicated by holiday closures and vacations.

*Third*, contrary to the AG's suggestion, nothing in Daniel's Law limits its application to "very high-tech compan[ies]" or entities that "specialize in data management" Tr. 94:6-7. *Any* "person, business, or association" is subject to the law.

7

N.J.S.A. 56:8-166.1(a)(1). So no reasonableness requirement can be read in based on the entities the statute purports to cover, or on assumptions about whether those entities are equipped to handle a notice under the law.

## III.  IF THIS COURT READS IN A CULPABILITY REQUIREMENT, IT SHOULD REQUIRE INTENT

As explained above, the plain text of Daniel's Law does not include a culpability requirement, and this Court should not read one into the statute in an attempt to save it.[1] Rather, this Court should facially invalidate the statute. *See Smith*, 361 U.S. at 155 (holding that law with no culpability requirement "cannot stand under the Constitution").[2] But if this Court nevertheless decides to read a culpability requirement into Daniel's Law, that requirement should be one of intent—i.e., the specific intent to publish a covered person's home address or unpublished home telephone number despite knowing that a covered person has made a valid request under the statute. There are two reasons why.

---

[1] The New Jersey Supreme Court would likely "strik[e] the constitutionally defective subsection" rather than read in an alternative culpability requirement. *See State v. Pomianek*, 110 A.3d 841, 855 (N.J. 2015) (declining to "read[] into subsection (a)(3) a mens rea element that is absent from the statute"); *see also Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (federal court must predict how state's highest court would answer state law question).

[2] Defendants maintain that, even if Daniel's Law had a culpability requirement of intent, the statute would still be unconstitutional for the reasons stated in Defendants' prior briefing, because it is not narrowly drawn to the interest it purports to serve.

*First*, a robust culpability requirement would be more consistent with Supreme Court precedent. Across varied contexts, the Supreme Court has required a culpable state of mind to impose liability even for unprotected speech. *See supra.* Even for defamation, incitement, and threats—each of "no constitutional value"— the Court has required heightened mens rea terms to avoid chilling other, protected speech. *Counterman*, 600 U.S. at 76 (citation omitted); *see id.* at 75-76 (public-figure defamation requires at least recklessness); *id.* at 76 (incitement requires intent); *id.* at 79-80 (true threats require recklessness). If that much "breathing space" is required for unprotected speech, then even more is required for the protected speech restricted by Daniel's Law. *Id.* at 80. Anything less would "engender[] the perverse result" that disclosures of addresses and phone numbers "are less protected by the First Amendment" than categories of unprotected speech like direct threats—the very result disapproved in *Florida Star*. 491 U.S. at 539.

*Second*, an intent-based standard would be more consistent with the common law privacy torts that Plaintiffs and the AG have sought to characterize as analogous to Daniel's Law. Defendants continue to believe that Daniel's Law is not a privacy law and is not analogous to any common law privacy tort. But if this Court is inclined to accept Plaintiffs' characterization, then it should also adopt the implication of that characterization—namely, that Daniel's Law requires intentional tortious conduct.

This Court suggested at oral argument that the privacy tort most analogous to

Daniel's Law is the tort of invasion of privacy. Tr. of Oral Arg. at 94:21-22; 95:9-10; 96:21-24; 98:7-16. The New Jersey Supreme Court has defined "invasion of privacy" as "an intentional intrusion, 'physical[] or otherwise, upon the solitude or seclusion of another,'" tracking the Restatement's definition of the more specific privacy tort of intrusion upon seclusion. *G.D. v. Kenney*, 15 A.3d 300, 319-20 (N.J. 2011) (citation omitted); Restatement (Second) of Torts, § 652B.[3] In New Jersey, intrusion on seclusion is an intentional tort. Thus, only "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another" is liable for an invasion of privacy. *Id.*; *see* New Jersey Model Jury Instructions Charge 3.14; *see also Jeter v. New Jersey Transit*, 2009 WL 1118727, at *7 (N.J. App. Div. Apr. 28, 2009) (identifying "invasion of privacy" as an "intentional tort[]"). If this Court wishes to harmonize Daniel's Law with what it views as its closest common law tort analogue, it should conclude that intent is required to impose liability. *Cf. Meyer v. Holley*, 537 U.S. 280, 289-290 (2003) (rejecting duty that would impose greater liability than relevant common law analogue would suggest).

## IV.    CONCLUSION

The Court should dismiss Plaintiffs' claims with prejudice.

---

[3] The Restatement explains that "the invasion of privacy has been a complex of four distinct wrongs," of which intrusion upon seclusion is one. Restatement (2d) of Torts § 652(A); *see also* New Jersey Model Jury Instructions Charge 3.14. Defendants believe that none of the privacy torts is analogous to Daniel's Law for the reasons explained in the reply brief. *See* Reply 22.

Dated: October 11, 2024

**LATHAM & WATKINS LLP**

/s/ *Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (*pro hac vice*)
Samir Deger-Sen (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: kevin.mcdonough@lw.com
serrin.turner@lw.com

Bradley M. Baglien (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email: bradley.baglien@lw.com

*Attorneys for Defendants LightBox Parent, L.P. and LightBox Holdings, L.P.*

Dated: October 11, 2024                                         **DENTONS US LLP**

/s/ *Stephen M. Turner*
Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078
Telephone: (973) 912-7146
Email: stephen.turner@dentons.com

Bety Javidzad, Esq. (*pro hac vice*)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 243-6115
Email: bety.javidzad@dentons.com

*Attorneys for Defendant Commercial Real Estate Exchange, Inc.*

Dated: October 11, 2024                                         **TROUTMAN PEPPER HAMILTON SANDER LLP**

/s/ *Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant DM Group.Inc.*

Dated: October 11, 2024                                         **TROUTMAN PEPPER HAMILTON SANDER LLP**

/s/ Angelo A. Stio III
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendants Carco Group, Inc. and Intellicorp Records Inc.*

Dated: October 11, 2024        **TROUTMAN PEPPER HAMILTON SANDER LLP**

/s/ Angelo A. Stio III
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant Deluxe Corp.*

Dated: October 11,2024        **ORRICK, HERRINGTON & SUTCLIFFE LLP**

/s/ Camille Joanne Rosca
Camille Joanne Rosca
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street

13

New York, NY  10019-6142
Telephone: +1 212 506 5000
Email: crosca@orrick.com

*Attorneys for Defendant*
*TWILIO INC.*

Dated: October 11, 2024             **SPIRO HARRISON & NELSON**

                                    */s/ Thomas M. Kenny*
                                    Thomas M. Kenny, Esq.
                                    Francesca Simone, Esq.
                                    363 Bloomfield Avenue, Suite 2C
                                    Montclair, NJ 07042

                                    *Attorneys for Defendants Quantarium*
                                    *Alliance, LLC and Quantarium*
                                    *Group, LLC*

Dated: October 11, 2024             **QUINN EMANUEL URQUHART**
                                    **& SULLIVAN, LLP**

                                    */s/ Anthony J. Staltari*
                                    Anthony J. Staltari (ID No.
                                    233022017)
                                    51 Madison Avenue, 22nd Floor
                                    New York, New York 10010
                                    Tel.: (212) 849-7000
                                    Email:
                                    anthonystaltari@quinnemanuel.com

                                    Viola Trebicka (*pro hac vice*)
                                    John Wall Baumann (*pro hac vice*)
                                    865 S. Figueroa Street, 10th Floor
                                    Los Angeles, CA 90017
                                    Telephone: (213) 443-3000
                                    violatrebicka@quinnemanuel.com
                                    jackbaumann@quinnemanuel.com

                                    Ella Hallwass (*pro hac vice*)

14

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
ellahallwass@quinnemanuel.com

Xi ("Tracy") Gao (*pro hac vice* )
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
tracygao@quinnemanuel.com

*Attorneys for Defendant Yardi
Systems, Inc.*

Dated: October 11, 2024

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant Acxiom LLC*

15

Dated: October 11, 2024

**TROUTMAN PEPPER**
**HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendants Enformion,*
*LLC and Enformion Holdco, Inc.*

Dated: October 11, 2024

**LATHAM & WATKINS LLP**

/s/ *Kevin M. McDonough*
Kevin M. McDonough (ID:
41892005)
Serrin Turner (*pro hac vice*)
Samir Deger-Sen (*pro hac vice*)

LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: kevin.mcdonough@lw.com
serrin.turner@lw.com

Bradley M. Baglien (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email: bradley.baglien@lw.com

16

*Attorneys for Defendants CoStar
Group, Inc. and CoStar Realty
Information, Inc.*

Dated: October 11, 2024                **LATHAM & WATKINS LLP**

/s/ *Kevin M. McDonough*
Kevin M. McDonough (ID:
41892005)
Serrin Turner (*pro hac vice*)
Samir Deger-Sen (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: kevin.mcdonough@lw.com
serrin.turner@lw.com

Jennifer C. Archie (*pro hac vice*)
Bradley M. Baglien (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email: jennifer.archie@lw.com
bradley.baglien@lw.com

Robert C. Collins (*pro hac vice*)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: robert.collins@lw.com

*Attorneys for Defendants Oracle
International Corporation, Oracle
America, Incorporated, and Oracle
Corporation*

17

Dated: October 11, 2024

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com


*Attorneys for Defendant Red Violet,
Inc.*

Dated: October 11, 2024

**KELLEY DRYE & WARREN LLP**

*/s/ Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti
Whitney M. Smith
Aaron J. Gold
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com
agold@kelleydrye.com

*Counsel for Defendant
RE/MAX, LLC*

18

Dated: October 11, 2024

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Ross A. Lewin*
Ross A. Lewin
Faegre Drinker Biddle & Reath LLP
105 College Road East
Princeton, New Jersey 08542

Kevin DeMaio
600 Campus Drive
Florham Park, New Jersey 07932
ross.lewin@faegredrinker.com
kevin.demaio@faegredrinker.com

**HARRISON LAW LLC**
Rachel B. Niewoehner *(pro hac vice)*
Katherine A.G. Sobiech *(pro hac vice)*
141 West Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 638-8776

*Attorneys for Defendants*
*Epsilon Data Management, LLC,*
*Conversant LLC, and*
*Citrus Ad International, Inc.*

Dated: October 11, 2024

**STARR, GERN, DAVISON & RUBIN, P.C.**

*/s/ Ronald L. Davison*
Ronald L. Davison, Esq. (266481971)
Richard T. Welch, Esq. (032982006)
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640

19

Tel: 973.403.9200
rdavison@starrgern.com
rwelch@starrgern.com

**ZWILLGEN PLLC**

Jacob Sommer, Esq.
1900 M. Street NW, Suite 250
Washington, DC 20036
Tel: 202.706.5205
jake@zwillgen.com
(Admitted Pro Hac Vice)

Sudhir Rao, Esq.
183 Madison Avenue, Suite 1504
New York, NY 10016
Tel: 646.362.5590
Sudhir.Rao@zwillgen.com
(Admitted Pro Hac Vice)

*Attorneys for Defendant People Data Labs, Inc.*

Dated: October 11, 2024           **CONSTANGY BROOKS, SMITH & PROHPHET LLP**

*/s/ John E. MacDonald*
John E. MacDonald (011511995)
Princeton South Corporate Center
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
Phone: (609) 357-1183
Fax: (609) 844-1102
jmacdonald@constangy.com

*Attorneys for Defendant Accurate Append, Inc.*

20

Dated: October 11, 2024

**TROUTMAN PEPPER HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant Remine Inc.*

Dated: October 11, 2024

**CARLTON FIELDS, P.A.**

*/s/ Michael D. Margulies*
Michael D. Margulies (No. 030412008)
CARLTON FIELDS, P.A.
180 Park Avenue, Suite 106
Florham Park, NJ 07932
Telephone: (973) 828-2600
Email:
mmargulies@carltonfields.com

*Attorneys for Defendants Teltech Systems, Inc. and Epic Applications, LLC*

Dated: October 11, 2024

**LATHAM & WATKINS LLP**

/s/ *Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Samir Deger-Sen (*pro hac vice*)
LATHAM & WATKINS LLP

21

1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: kevin.mcdonough@lw.com

Jennifer C. Archie (*pro hac vice*)
Bradley M. Baglien (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email: jennifer.archie@lw.com
       bradley.baglien@lw.com

Robert C. Collins (*pro hac vice*)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: robert.collins@lw.com

*Attorneys for Defendants
PeopleConnect, Inc., PeopleConnect
Holdings, Inc., Intelius, LLC, and
PeopleConnect Intermediate, LLC*

22

Dated: October 11, 2024

**TROUTMAN PEPPER HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant Corelogic, Inc.*


Dated: October 11, 2024

**BUCHANAN INGERSOLL & ROONEY P.C.**

*/s/ Samantha L. Southall*
Samantha L. Southall (pro hac vice)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3884 (o)
samantha.southall@bipc.com

Melissa J. Bayly
550 Broad Street, Suite 810
Newark, New Jersey 07102
973 273 9800 (o)
melissa.bayly@bipc.com

*Attorneys for Zillow, Inc. and Zillow Group, Inc.*

Dated: October 11, 2024

**BUCHANAN INGERSOLL & ROONEY P.C.**

*/s/ Samantha L. Southall*
Samantha L. Southall (admitted pro hac vice)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215 665 3884 (o)
samantha.southall@bipc.com

Melissa J. Bayly
550 Broad Street, Suite 810
Newark, New Jersey 07102
973 273 9800 (o)
melissa.bayly@bipc.com

*Attorneys for Trans Union, LLC, Neustar, Inc.,  and TransUnion Risk and Alternative Data Solutions, Inc.*

Dated: October 11, 2024

**RIKER DANZIG LLP**

*/s/ Michael P. O'Mullan*
Michael P. O'Mullan (ID 029681996)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
Telephone: (973) 451-8477
Email: momullan@riker.com

*Attorneys for Defendant Melissa Data Corporation*

24

Dated: October 11, 2024

**SILLS CUMMIS & GROSS P.C.**

/s/ *Joshua N. Howley*
Joshua N. Howley
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
(973) 643-7000
jhowley@sillscummis.com

Andrew J. Pincus*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
apincus@mayerbrown.com

John Nadolenco
Daniel D. Queen
MAYER BROWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 229-9500
jnadolenco@mayerbrown.com
Benjamin D. Bright
Jonathan D. Stahl*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
bbright@mayerbrown.com

*pro hac vice

*Attorneys for Defendant Spokeo, Inc.*

25

Dated: October 11, 2024

**CONSTANGY BROOKS, SMITH & PROHPHET LLP**

*/s/ John E. MacDonald*
John E. MacDonald (011511995)
Princeton South Corporate Center
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648
Phone: (609) 357-1183
Fax: (609) 844-1102
jmacdonald@constangy.com

*Attorneys for Defendant*
*Restoration for America .*

Dated: October 11, 2024

**STINSON LLP**

/s/ *Richard J.L. Lomuscio*
Richard J.L. Lomuscio
100 Wall Street, Suite 201
New York, New York 10005
Telephone:   646-883-7471
richard.lomuscio@stinson.com

Matthew D. Moderson
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone:   816-691-2736
matt.moderson@stinson.com

*Attorneys for i360, LLC*

Dated: October 11, 2024

**McCARTER & ENGLISH,  LLP**

/s/ *Scott S. Christie*
Scott S. Christie (ID: 37901989)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Telephone: (973) 622-4444
Email: schristie@mccarter.com

*Attorneys for Defendant Telnyx LLC*

Dated: October 11, 2024

**GREENBERG TRAURIG, LLP**

/s/ *David E. Sellinger*
David E. Sellinger
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 360-7900
sellingerd@gtlaw.com
vannostranda@gtlaw.com

*Attorneys for Defendants*
*GoHunt LLC, GoHunt Management*
*Holdings, GoHunt Management*
*Holdings II, LLC*

Dated: October 11, 2024

**GREENSPOON MARDER**

/s/ *Kelly M. Purcaro*
Kelly M. Purcaro, Esq. (ID: 017692009)
Kory Ann Ferro, Esq. (ID: 065932013)
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendants Joy*
*Rockwell Enterprises, Inc. d/b/a*

*PostcardMania PCM LLC*

Dated: October 11, 2024

**MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP**

/s/ *Nicholas K. Lagemann*
Nicholas K. Lagemann
MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
Tel: (973) 425-8210
NLagemann@mdmc-law.com

Jacquelyn Fradette (*pro hac vice*)
Alan Charles Raul (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
(202) 736-8822
jfradette@sidley.com
araul@sidley.com
Tyler J. Domino (*pro hac vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
tdomino@sidley.com

*Attorneys for Defendants MyHeritage Ltd. and MyHeritage (USA), Inc.*

Dated: October 11, 2024

**RKW, LLC**

/s/ *Stacy Torres*
H. Mark Stichel*
Stacey Torres (293522020)

28

10075 Red Run Blvd, Ste 401
Owings Mills, Maryland 21117
(443) 379-8941
storres@rkwlawgroup.com

*Admitted pro hac vice

*Attorneys for Defendant
eMerges.com Inc.*

Dated: October 11, 2024                    **DENTONS US LLP**

/s/ *Stephen M. Turner*
Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078
Telephone: (973) 912-7146
Email: stephen.turner@dentons.com

Kristen C. Rodriguez, Esq. (admitted
pro hac vice)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 398-5280
Email:
kristen.rodriguez@dentons.com

*Attorneys for Defendant Wiland, Inc.*

Dated: October 11, 2024                    **TROUTMAN PEPPER
                                           HAMILTON SANDER LLP**

/s/ *Angelo A. Stio*
Angelo A. Stio III
Melissa A. Chuderewicz

29

Stephanie L. Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant AtData LLC.*

Dated: October 11, 2024

**SAUL EWING LLP**

/s/ *William C. Baton*
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com
sarah.sullivan@saul.com

**COOLEY LLP**

Matthew D. Brown (*pro hac vice*)
Bethany C. Lobo (*pro hac vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 693-2000
E-mail:  brownmd@cooley.com
E-mail:  blobo@cooley.com

*Attorneys for Defendants Precisely*
*Holdings, LLC, Precisely Software*
*Inc., and Precisely Software Ltd.*

30

Dated: October 11, 2024

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant Rocketreach
LLC*

Dated: October 11 2024

**GREENBERG TRAURIG, LLP**

*/s/ Camille Joanne Rosca   .*
Camille Joanne Rosca
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street New York, NY
10019-6142
Telephone: +1 212 506 5000
Email: crosca@orrick.com

*Attorneys for Defendant
Outside Interactive, Inc.*

Dated: October 11, 2024

**SAUL EWING LLP**

*/s/ William C. Baton*
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza

31

1037 Raymond Blvd.
(973) 286-6700
wbaton@saul.com
sarah.sullivan@saul.com
alexander.callo@saul.com

**COOLEY LLP**
Matthew D. Brown (*pro hac vice*)
Bethany C. Lobo (*pro hac vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 693-2000
E-mail:  brownmd@cooley.com
E-mail:  blobo@cooley.com

*Attorneys for Defendants Valassis*
*Digital Corp. and Valassis*
*Communications, Inc.*

Dated: October 11, 2024              **MANATT, PHELPS & PHILLIPS, LLP**

/s/ *Kenneth D. Friedman*
Kenneth D. Friedman
Kareem A. Salem (pro hac vice)
Brandon Reilly (pro hac vice)
MANATT, PHELPS, & PHILLIPS, LLP
7 TIMES SQUARE
NEW YORK, NY 10036
(212) 790-4500
Email: kfriedman@manatt.com
Email: breilly@manatt.com
Email: ksalem@manatt.com

*Attorneys for Defendant Vericast*
*Corp.*

32

Dated: October 11 2024

**MCCARTER & ENGLISH LLP**

/s/ *Christopher A. Rojao*

Christopher A Rojao
Ryan A. Savercool
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
crojao@mccarter.com
rsavercool@mccarter.com

**HOGAN LOVELLS US LLP**

/s/ *Jon M. Talotta*

Jon M. Talotta (admitted pro hac vice)
8350 Broad Street (Boro Tower)
Tysons, VA 22102
Tel: 703.610.6100
jon.talotta@hoganlovells.com
David M. Cheifetz (admitted pro hac vice)
Elizabeth C. Milburn (pro hac vice to be filed)
390 Madison Avenue
New York, New York 10017
Tel: 212.918.3000
david.cheifetz@hoganlovells.com
tina.milburn@hoganlovells.com

*Attorneys for Defendants in 1:24-cv-4850-HB, The Lifetime Value Co. LLC, BeenVerified, LLC, NeighborWho LLC, The NumberGuru, LLC, PeopleLooker LLC, PeopleSmart LLC, Ownerly, LLC*

33

Dated: October 11, 2024

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

/s/ *Alexandra S. Jacobs_____*
Alexandra Jacobs
John Papianou
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
856.488.7746
ajacobs@mmwr.com
jpapianou@mmwr.com

HUDSON COOK LLP
Rebecca E. Kuehn (pro hac vice forthcoming)
Robert D. Tilley (pro hac vice forthcoming)
Jason F. Esteves (pro hac vice forthcoming)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
rkuehn@hudco.com
rtilley@hudco.com
jesteves@hudco.com

*Attorneys for Defendant, First American Financial Corporation*

Dated: October 11, 2024

**TROUTMAN PEPPER HAMILTON SANDER LLP**

/s/ *Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400, 301 Carnegie Center

34

Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email: Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com


*Attorneys for Defendant Property
Radar, Inc.*

Dated: October 11, 2024                     **GREENSPOON MARDER**

/s/ *Kelly M. Purcaro.*
Kelly M. Purcaro, Esq. (ID: 017692009)
Kory Ann Ferro, Esq. (ID: 065932013)
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendants
The Alesco Group, LLC*

Dated: October 11, 2024                     **GREENSPOON MARDER**

/s/ *Kelly M. Purcaro*
Kelly M. Purcaro, Esq. (ID: 017692009)
Kory Ann Ferro, Esq. (ID: 065932013)
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746

Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendants*
*Searchbug, Inc.*

Dated: October 11, 2024                **GREENSPOON MARDER**

/s/ *Kelly M. Purcaro*
Kelly M. Purcaro, Esq. (ID:
017692009)
Kory Ann Ferro, Esq. (ID:
065932013)
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendants*
*Amerilist, Inc.*

Dated: October 11, 2024                **LOWENSTEIN SANDLER LLP**

/s/ *A. Matthew Boxer*
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Defendants LexisNexis*

36

*Risk Data Management, LLC and RELX Inc.*

Dated: October 11, 2024

**GREENSPOON MARDER**

/s/ *Kelly M. Purcaro.*
Kelly M. Purcaro, Esq. (ID: 017692009)
Kory Ann Ferro, Esq. (ID: 065932013)
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant US Data Corporation*

37