# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-03993-HB |
| BLACKBAUD, INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-03998-HB |
| WHITEPAGES, INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04000-HB |
| HIYA, INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04037-HB |
| WE INFORM, LLC et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INFOMATICS, LLC et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04041-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE PEOPLE SEARCHERS, LLC et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04045-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04073-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DM GROUP, INC. et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04075-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04077-HB |
| CARCO GROUP INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04080-HB |
| DELUXE CORPORATION et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04095-HB |
| TWILIO, INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04096-HB |
| DELVEPOINT, LLC et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUANTARIUM ALLIANCE, LLC et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04098-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC. et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04103-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>6SENSE INSIGHTS, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04104-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHTBOX PARENT, L.P., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04105-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEARCH QUARRY, LLC, et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04106-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04107-HB |
| ACXIOM, LLC, et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04110-HB |
| ENFORMION, et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04111-HB |
| COSTAR GROUP, INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04112-HB |
| ORACLE INTERNATIONAL CORPORATION, et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | CIV. ACTION NO. 24-04113-HB |
| RED VIOLET, INC., et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RE/MAX, LLC, et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04114-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL SAFETY PRODUCTS, LLC,<br><br>Defendants. | CIV. ACTION NO. 24-04141-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CIVIL DATA RESEARCH,<br><br>Defendants. | CIV. ACTION NO. 24-04143-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCALABLE COMMERCE, LLC et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04160-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EPSILON DATA MANAGEMENT, LLC, et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04168-HB |

| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>PEOPLE DATA LABS, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04171-HB |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>LABELS & LISTS, INC.,<br><br>Defendants. | CIV. ACTION NO. 24-04174-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>CLARITAS, et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04175-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>INNOVIS DATA SOLUTIONS INC. et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04176-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>ACCURATE APPEND, INC. et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04178-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>DATA AXLE, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04181-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>REMINE, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04182-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>LUSHA SYSTEMS, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04184-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>TELTECH SYSTEMS, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04217-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>PEOPLECONNECT, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04227-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> CORELOGIC, INC., et al., <br><br> Defendants. | CIV. ACTION NO. 24-04230-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> BLACK KNIGHT TECHNOLOGIES, LLC, et al., <br><br> Defendants. | CIV. ACTION NO. 24-04233-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> ZILLOW, INC. et al., <br><br> Defendants. | CIV. ACTION NO. 24-04256-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> EQUIMINE, INC., <br><br> Defendants. | CIV. ACTION NO. 24-04261-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> THOMSON REUTERS CORPORATION, et al., <br><br> Defendants. | CIV. ACTION NO. 24-04269-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> CHOREOGRAPH LLC, et al., <br><br> Defendants. | CIV. ACTION NO. 24-04271-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> TRANSUNION, LLC, et al., <br><br> Defendants. | CIV. ACTION NO. 24-04288-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> MELISSA DATA CORP. et al., <br><br> Defendants. | CIV. ACTION NO. 24-04292-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> EQUIFAX, INC., et al., <br><br> Defendants. | CIV. ACTION NO. 24-04298-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> SPOKEO, INC., et al., <br><br> Defendants. | CIV. ACTION NO. 24-04299-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>RESTORATION OF AMERICA,<br><br>               Defendants. | CIV. ACTION NO. 24-04324-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>i360, LLC et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04345-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>TELNYX LLC, et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04354-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>GOHUNT, LLC et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04380-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>ACCUZIP, INC. et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04383-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>SYNAPTIX TECHNOLOGY, LLC et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04385-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>JOY ROCKWELL ENTERPRISES, INC. et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04389-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>FORTNOFF FINANCIAL, LLC et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04390-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>MYHERITAGE, LTD, et al.,<br><br>               Defendants. | CIV. ACTION NO. 24-04392-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>               Plaintiffs,<br>v.<br><br>E-MERGES.COM INC.,<br><br>               Defendants. | CIV. ACTION NO. 24-04434-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>WILAND, INC., et al.,<br><br>                    Defendants. | CIV. ACTION NO. 24-04442-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>VALASSIS DIGITAL CORP., ET AL., et al.,<br><br>                    Defendants. | CIV. ACTION NO. 24-04770-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>ATDATA, LLC, et al.,<br><br>                    Defendants. | CIV. ACTION NO. 24-04447-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>PRECISELY HOLDINGS, LLC, ET AL., et al.,<br><br>                    Defendants. | CIV. ACTION NO. 24-04571-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>NUWBER, INC. et al.,<br><br>                    Defendants. | CIV. ACTION NO. 24-04609-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>ROCKETREACH LLC et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04664-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>OUTSIDE INTERACTIVE, INC., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04696-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>THE LIFETIME VALUE CO. LLC, ET AL., et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04850-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>BELLES CAMP COMMUNICATIONS, INC. et al.,<br><br>Defendants. | CIV. ACTION NO. 24-04949-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>FIRST AMERICAN FINANCIAL CORPORATION ET AL, et al.,<br><br>Defendants. | CIV. ACTION NO. 24-05334-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> PROPERTYRADAR, INC. et al., <br><br> Defendants | CIV. ACTION NO. 24-05596-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> THE ALESCO GROUP, L.L.C., <br><br> Defendants | CIV. ACTION NO. 24-05656-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> SEARCHBUG, INC., et al., <br><br> Defendants | CIV. ACTION NO. 24-05658-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> AMERILIST, INC.., <br><br> Defendants | CIV. ACTION NO. 24-05775-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br> v. <br><br> LEXISNEXIS RISK DATA MANAGEMENT, LLC et al., <br><br> Defendants | CIV. ACTION NO. 24-06160-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br>v.<br><br>US DATA CORPORATION, et al.,<br><br>Defendants | Civ. Action No. 24-07324-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.<br>v<br>6SENSE INSIGHTS, INC., et al. | CIVIL ACTION NO. 24-4104-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.<br>v.<br>LIGHTBOX PARENT, L.P., et al. | CIVIL ACTION NO. 24-4105-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.<br>v.<br>SEARCH QUARRY, LLC, et al. | CIVIL ACTION NO. 24-4106-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.<br>v.<br>ACXIOM, LLC, et al. | CIVIL ACTION NO. 24-4107-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>v.<br><br>ENFORMION, LLC, et al. | CIVIL ACTION NO. 24-4110-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>v.<br><br>COSTAR GROUP, INC., et al. | CIVIL ACTION NO. 24-4111-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br> ORACLE INTERNATIONAL CORPORATION, et al. | CIVIL ACTION NO. 24-4112-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br> RED VIOLET, INC., et al. | CIVIL ACTION NO. 24-4113 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br> RE/MAX, LLC, et al. | CIVIL ACTION NO. 24-4114 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br> EPSILON DATA MANAGEMENT, LLC, et al. | CIVIL ACTION NO. 24-4168 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br> PEOPLE DATA LABS, INC., et al. | CIVIL ACTION NO. 24-4171 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br> LABELS & LISTS, INC., et al. | CIVIL ACTION NO. 24-4174 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br> CLARITAS, LLC, et al. | CIVIL ACTION NO. 24-4175 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>v.<br><br>INNOVIS DATA SOLUTIONS INC., et al. | CIVIL ACTION NO. 24-4176 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> ACCURATE APPEND, INC., et al. | CIVIL ACTION NO. 24-4178 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> DATA AXLE, INC., et al. | CIVIL ACTION NO. 24-4181 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> REMINE INC., et al. | CIVIL ACTION NO. 24-4182 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> LUSHA SYSTEMS, INC., et al. | CIVIL ACTION NO. 24-4184 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> TELTECH SYSTEMS, INC., et al. | CIVIL ACTION NO. 24-4217 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> PEOPLECONNECT, INC., et al. | CIVIL ACTION NO. 24-4227 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> CORELOGIC, INC., et al. | CIVIL ACTION NO. 24-4230 |

| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> BLACK KNIGHT TECHNOLOGIES, LLC, et al. | CIVIL ACTION NO. 24-4233 |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> ZILLOW, INC., et al. | CIVIL ACTION NO. 24-4256 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br> EQUIMINE, INC., et al. | CIVIL ACTION NO. 24-4261 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> THOMSON REUTERS CORPORATION, et al. | CIVIL ACTION NO. 24-4269 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> CHOREOGRAPH LLC, et al. | CIVIL ACTION NO. 24-4271 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> TRANSUNION, LLC, et al. | CIVIL ACTION NO. 24-4288 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> MELISSA DATA CORP., et al. | CIVIL ACTION NO. 24-4292 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> EQUIFAX INC., et al. | CIVIL ACTION NO. 24-4298 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> SPOKEO, INC., et al. | CIVIL ACTION NO. 24-4299 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> i360, LLC, et al. | CIVIL ACTION NO. 24-4345 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> TELNYX LLC, et al. | CIVIL ACTION NO. 24-4354 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> GOHUNT, LLC, et al. | CIVIL ACTION NO. 24-4380 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> ACCUZIP, INC., et al. | CIVIL ACTION NO. 24-4383-HB |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., v. SYNAPTIX TECHNOLOGY, LLC, et al. | CIVIL ACTION NO. 24-4385-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., v. JOY ROCKWELL ENTERPRISES, INC., et al. | CIVIL ACTION NO. 24-4389-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., v. FORTNOFF FINANCIAL, LLC, et al. | CIVIL ACTION NO. 24-4390-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., v. MYHERITAGE, LTD., et al. | CIVIL ACTION NO. 24-4392-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., v. E-MERGES.COM, INC., et al. | CIVIL ACTION NO. 24-4434-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., v. WILAND, INC., et al. | CIVIL ACTION NO. 24-4442-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., v. ATDATA, LLC, et al. | CIVIL ACTION NO. 24-4447-HB |

| ATLAS DATA PRIVACY CORPORATION, et al., | |
|---|---|
| v. | CIVIL ACTION NO. 24-4571-HB |
| PRECISELY HOLDINGS, LLC, et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| v. | CIVIL ACTION NO. 24-4609-HB |
| NUWBER, INC., et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NO. 24-4664-HB |
| v. | |
| ROCKETREACH LLC, et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NO. 24-4696-HB |
| v. | |
| OUTSIDE INTERACTIVE INC., et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NO. 24-4770-HB |
| v. | |
| VALASSIS DIGITAL CORP., et al. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NO. 24-4850-HB |
| v. | |
| THE LIFETIME VALUE CO. LLC, et al. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> BELLES CAMP COMMUNICATIONS, INC., et al. | CIVIL ACTION NO. 24-4949-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> FIRST AMERICAN FINANCIAL CORPORATION., et al. | CIVIL ACTION NO. 24-5334-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> PROPERTY RADAR INC., et al. | CIVIL ACTION NO. 24-5600 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> THE ALESCO GROUP, L.L.C., et al. | CIVIL ACTION NO. 24-5656-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> SEARCHBUG, INC., et al. | CIVIL ACTION NO. 24-5658-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> v. <br><br><br> AMERILIST, INC. et al. | CIVIL ACTION NO. 24-5775-HB |

| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, et al. | CIVIL ACTION NO. 24-6160-HB |

# <u>TABLE OF CONTENTS</u>

I.    The *Florida Star* Standard .................................................................................. 1

II.    Daniel's Law Does Not Impose Strict Liability ............................................... 3

    A.    The Notification Requirement Ensures Defendants Must Act With Negligent Indifference to A Covered Person's Rights ............................................................ 4

    B.    Plaintiffs' Interpretation is Consistent With New Jersey Common Law ............... 7

III.    Conclusion ..................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Suiters*, 499 F.3d 1228, 1235-36 (10th Cir. 2007).................................................... 2

*Beshada v. Johns-Manville Prods. Corp.*, 447 A.2d 539, 545 (N.J. 1982) ................................... 6

*Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689 (N.J. 1982)............................................. 7

*Boehner v. McDermott*, 191 F.3d 463, 472 (D.C. Cir. 1999) .................................................... 6, 7

*Bowley v. City of Uniontown Police Dep't*, 404 F.3d 786 n.3 (3d Cir. 2005) ............................... 2

*Braitman v. Overlook Terrace Corp.*, 346 A.2d 76 (N.J. 1975).................................................... 9

*Campbell v. Seabury Press*, 614 F.2d 395, 397 (5th Cir. 1980) ................................................... 2

*Castro v. NYT Television*, 851 A.2d 88, 97 (N.J. App. Div. 2004) ............................................. 10

*Cf. Burnett v. County of Bergen*, 968 A.2d 1151, 1167 (N.J. 2009)............................................. 5

*Cf. Goldhagen v. Pasmowitz*, 255 A.3d 1191, 1198-99 (N.J. 2021)............................................. 9

*Demarest v. Athol/Orange Community Television, Inc.*, 188 F. Supp. 2d 82, 94 (D. Mass. 2002) 2

*Doe v. Netflix, Inc.*, 2023 WL 3848379, at *6 (S.D. Ind. June 6, 2023)....................................... 2

*Evans-Aristocrat Indus., Inc. v. Newark*, 75 N.J. 84, 95 (1977)................................................... 7

*Feldman v. Lederle Labs.*, 479 A.2d 374, 388 (N.J. 1984)........................................................... 6

*G.D. v. Kenny*, 15 A.3d 300, 314 (N.J. 2011)........................................................................... 7, 8

*Gallenthin Realty Development v. Borough of Paulsboro*, 924 A.2d 447, 457 (N.J. 2007).......... 8

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974) ................................................................... 3, 10

*Gilbert v. Med. Econ. Co.*, 665 F.2d 305, 308 (10th Cir. 1981) ................................................... 2

*Ivins v. Town Tavern*, 762 A.2d 232, 236 (N.J. App. Div. 2000)................................................. 5

*Johnson v. City of Hoboken*, 299 A.3d 856, 863 (N.J. App. Div. 2023) ...................................... 8

*Kratovil v. City of New Brunswick*, 2024 WL 1826867, at *4 to *5 (N.J. App. Div. Apr. 26,
    2024)........................................................................................................................................ 2

*Labega v. Joshi*, 270 A.3d 378, 288 (N.J. App. Div. 2022) ......................................................... 9

*Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1115 (N.J. 2009) ......................................... 9

*Lee v. Penthouse Int'l, Ltd.*, 1997 WL 33384309, at *8 (C.D. Cal. 1997) ...................................... 8

*Marshall v. Klebanov*, 902 A.2d 873, 881 (N.J. 2006) ........................................................................ 7

*Mascola v. Mascola*, 168 N.J. Super. 122, 127 (N.J. App. Div. 1979) ............................................ 9

*McCabe v. Village Voice, Inc.*, 550 F. Supp. 525, 530 (E.D. Pa. 1982) .......................................... 9

*Moody v. NetChoice, LLC*, 144 S.Ct. 2382, 2397 (2024) ................................................................. 3

*Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 563 (N.J. 2003) .................................................. 5

*Nix v. O'Malley*, 160 F.3d 343, 349 (6th Cir. 1998) .......................................................................... 6

*Nobrega v. Edison Glen Assocs*, 743 A.2d 864, 870 (N.J. App. Div. 2000) .................................. 4

*Paul P. v. Farmer*, 227 F.3d 98, 101 (3d Cir. 2000) ........................................................................ 1

*Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 189 (5th Cir. 2000) ............................................. 1, 4, 6, 7

*Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997) .................................................. 8

*Steinberg v. Sahara Sam's Oasis, LLC*, 142 A.3d 742, 364 (N.J. 2016). ......................................... 7

*Steinbuch v. Hachette Book Grp.*, 2009 WL 963588, at *3 (E.D. Ark. 2009) ................................. 8

*Time, Inc. v. Hill*, 385 U.S. 374, 388 (1967) ............................................................................. 2, 10

*Toffoloni v. LFP Publ'g Grp.*, 573 F.3d 1201, 1212 (11th Cir. 2009) ............................................. 2

*Troupe v. Bulington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. App. Div. 2016) ........................................................................................................................................................ 5

*Vassiliades v. Garfinckel's*, 492 A.2d 580, 590 (D.C. 1985) ........................................................... 8

*Veilleux v. Nat'l Broadcasting Co.*, 8 F. Supp. 2d 23, 40 n.8 (D. Me. 1998) ................................. 2

*Virgil v. Time, Inc.*, 527 F.2d 1122, 1128 (9th Cir. 1975) ............................................................... 2

Plaintiffs respectfully submit this supplemental brief on the limited issue of strict liability under Daniel's Law. *See* ECF No. 62 (Oct. 1, 2024 Hearing Tr.) at 135:17–19. As set forth below, the statute does not impose strict liability or negligence *per se*, eliminating any doubt the statute is constitutional under *The Florida Star v. B.J.F.*, 491 U.S. 524 (1989), and other applicable cases. Instead, as Daniel's Law and principles of New Jersey common law establish, Defendants may be held liable under the statute only if they were negligent in ignoring a notification from a covered person and disclosed the covered person's contact information thereafter. Under this standard, liability does not "follow automatically from publication," as with the strict-liability statute in *Florida Star*. *Id.* at 359. Instead, a defendant may be found liable under Daniel's Law only if it failed to exercise reasonable care in reviewing and acting upon a nondisclosure request it received.

## I.    The Florida Star Standard

Under the *Florida Star* test, if a party "lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a state interest of the highest order." 491 U.S. at 533. As Plaintiffs previously explained, "[a]n unbroken line of Supreme Court precedent rejects the application of strict scrutiny as a facial matter in cases where privacy torts clash with the First Amendment." Pl. Opp'n at 16; *see also Florida Star*, 491 U.S. at 539-40 (engaging in "fact sensitive balancing" on an as applied basis); *Paul P. v. Farmer*, 227 F.3d 98, 101 (3d Cir. 2000) (recognizing a privacy interest in addresses). *Florida Star*'s framework applies to statutes that create privacy torts regardless of whether they are content based.[1] *See Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 189 (5th Cir. 2000) ("[T]he Court did *not* rely on the content-based nature of the statutes."). In *Florida Star*, the Court did not examine whether the statute was content based even though it prohibited publication of

---

[1] Daniel's Law is not content-based, and if necessary, Plaintiffs will brief those issues for future proceedings. *See* Pl. Opp'n at 11-13.

"the name, address, or other identifying fact or information" about the "victim of any sexual offense." 491 U.S. at 526 n.1 (quoting Fla. Stat. § 794.03 (1987)). Similarly, in *Bowley*, the Third Circuit applied *Florida Star* to a statute prohibiting disclosure of "[t]he *contents* of law enforcement records … concerning a child." *Bowley v. City of Uniontown Police Dep't*, 404 F.3d 786 n.3 (3d Cir. 2005) (citing 42 Pa. Cons. Stat. § 6308) (emphasis added).

The *Florida Star* test has two steps. First, there is a threshold inquiry into whether the private information disclosed was "truthful and lawfully obtained" and concerns "a matter of public significance." *Id.* at 787. If the information was "truthful, lawfully obtained, and concerning a matter of public significance," the Court must proceed to the second step and consider whether "the imposition of liability is narrowly tailored to serve an interest of the highest order." *Id.* at 788.

If a disclosure – like those at issue here – *does not* involve speech on a matter of public concern, the privacy interest overcomes First Amendment protections, and there is no need to examine narrow tailoring. *See, e.g.*, *Gilbert v. Med. Econ. Co.*, 665 F.2d 305, 308 (10th Cir. 1981) ("[D]issemination of non-newsworthy private facts is not protected by the first amendment."); *Toffoloni v. LFP Publ'g Grp.*, 573 F.3d 1201, 1212 (11th Cir. 2009); *Anderson v. Suiters*, 499 F.3d 1228, 1235-36 (10th Cir. 2007); *Campbell v. Seabury Press*, 614 F.2d 395, 397 (5th Cir. 1980); *Virgil v. Time, Inc.*, 527 F.2d 1122, 1128 (9th Cir. 1975); *Doe v. Netflix, Inc.*, 2023 WL 3848379, at *6 (S.D. Ind. June 6, 2023); *Demarest v. Athol/Orange Community Television, Inc.*, 188 F. Supp. 2d 82, 94 (D. Mass. 2002); *Veilleux v. Nat'l Broadcasting Co.*, 8 F. Supp. 2d 23, 40 n.8 (D. Me. 1998); *Kratovil v. City of New Brunswick*, 2024 WL 1826867, at *4 to *5 (N.J. App. Div. Apr. 26, 2024) (rejecting First Amendment challenge to Daniel's Law).

For this reason, Defendants cannot possibly establish that Daniel's Law is facially unconstitutional. Defendants concede that the statute does not regulate speech on a matter of public

concern in the overwhelming majority of its applications, so they cannot establish that "the law's unconstitutional applications substantially outweigh its constitutional ones." *See* Pl. Opp'n at 21-22; *see also Moody v. NetChoice, LLC*, 144 S.Ct. 2382, 2397 (2024). Defendants' facial challenge can be denied on this basis alone. But even if the Court addresses narrow tailoring, applying *Florida Star*, Daniel's Law is constitutional because it does not impose a strict liability or negligence *per se* standard.

## II.    Daniel's Law Does Not Impose Strict Liability

*Florida Star* held that a statute was insufficiently tailored in part because it imposed a "negligence *per se* standard," under which "liability follow[ed] automatically from publication." 491 U.S. at 539. There, the absence of "a scienter requirement of any kind" led to "the perverse result" that the "truthful publications" regulated by the statute were "less protected than even the least protected defamatory falsehoods: those involving private figures, where liability is evaluated under a standard . . . of ordinary negligence." *Id.* (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)).

Daniel's Law does not impose strict liability or any negligence *per se* standard under which liability follows automatically from disclosure. In construing Daniels' Law, it is important to note that it permits punitive damages only "upon proof of willful or reckless disregard of the law." N.J.S.A. 56:8-166:1(c)(2). This demonstrates that the Legislature intended for some standard lower than recklessness to apply for purposes of establishing a violation. *See also* N.J.S.A. 2C:20-31.1(d) (requiring "reckless" and "purposeful" *mens rea* for fourth and third-degree criminal violations of the criminal components of Daniel's Law). The statute imposes a negligence standard, which requires plaintiffs to prove that the defendant failed to exercise reasonable care in

reviewing and complying with a received notification and then disclosed the covered person's home address or unpublished home phone number.[2]

To answer the Court's question, the lowest level of fault employed by the statute thus qualifies as "ordinary negligence," which is entirely permissible under *Florida Star.* 491 U.S. at 540. To be liable, a defendant must have received a nondisclosure request that provides specific notice of the covered person's exercise of their rights, and the standard under Daniel's Law is akin to a "knows or has reason to know" standard like those in wiretap statutes. *Peavy*, 221 F.3d at 190. In other words, Defendants also have available to them the defense that they did not receive notice.

## A. The Notification Requirement Ensures Defendants Must Act With Negligent Indifference to A Covered Person's Rights

To establish a claim under Daniel's Law, a plaintiff must prove two elements: (1) that the defendant received a "written notice" from "an authorized person seeking nondisclosure," N.J.S.A. 56:8-166:1(a)(2); and (2) that despite receiving that notice, the defendant nonetheless disclosed the home address or unpublished phone number of the covered person more than "10 business days following receipt," of notice. N.J.S.A. 56:8-166:1(a)(1). Daniel's Law defines "disclose" to mean "to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database." N.J.S.A. 56:8-166:1(d)(3); *see also Nobrega v. Edison Glen Assocs*, 743 A.2d 864, 870 (N.J. App. Div. 2000) (on disclosing "with

---

[2] The Court noted that New Jersey's Model Civil Jury Charge 3.14 classifies all privacy torts as "Intentional Torts." Tr. at 96:31-34. This is because all of these require some intentional act, not because the standard for every element of each of these torts is intent. *See* Elder, Privacy Torts § 2.2 ("The requirement of intent only applies ... to the invasion of the protected interest—the plaintiff's solitude or seclusion ... or his private affairs or concerns." (marks and citation omitted); *Bove v. AkPharma*, 213 A.3d 948, 960 (N.J. App. Div. 2019) ("For example, a battery claim [for non-consensual touching] does not require intent to injure."). Daniel's Law similarly requires an intentional act of disclosure, though liability may be imposed for such a disclosure only if the defendant was negligent in reviewing and responding to received nondisclosure requests.

knowledge"). Virtually all of these acts inherently involve a knowing act of providing information to a third-party following *receipt* (as required by the statute) of a nondisclosure notice. The lone exception is the "making available or viewable within a searchable list" element of the definition, which need not involve intentionally *communicating* information to a third party. *Cf. Burnett v. County of Bergen*, 968 A.2d 1151, 1167 (N.J. 2009) (interpreting the phrase "intentionally communicating or otherwise making available" in the Identity Theft Protection Act, N.J.S.A. 56.8-164(a)(4)). But even disclosure by "making available" has to involve knowing acts of including information in a searchable database and granting a third-party access to that database, or failing to remove or suppress such information upon receipt of a nondisclosure notice.[3]

A notification requirement ensures any defendant who can be found liable necessarily acted with at least ordinary negligence in reviewing and responding to a notification. Under such a standard, the critical question is whether "the defendant was reasonably able to comprehend" that his conduct "could injure as it did." *Ivins v. Town Tavern*, 762 A.2d 232, 236 (N.J. App. Div. 2000). The defendant thus must have had "actual or constructive knowledge" its conduct created a danger. *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 563 (N.J. 2003); *Troupe v. Bulington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. App. Div. 2016) ("constructive knowledge" is what the defendant would have known had he "been reasonably diligent.").

---

[3] Although no New Jersey case appears to address whether the common-law "publication of private facts" tort requires intent or if a negligent disclosure suffices, most courts have held that "the disclosure must have been intentional." 77 C.J.S. Right of Privacy and Publicity § 32; *see also Reetz v. Advocate Aurora Health, Inc.*, 983 N.W.2d 699, 681 (Wis. App. 2022) ("[P]ublicity of private facts requires intentional conduct."); *Doe v. Henry Gord Health Sys.*, 865 N.W.2d 915, 599 (Mich. App. 2014) ("[T]o establish an invasion of privacy through the disclosure of private facts, a plaintiff must show that the disclosure of those facts was intentional."); *Burton v. MAPCO Exp., Inc.*, 47 F.Supp.3d 1279, 1287-88 (N.D. Ala. 2014) (similar); *In re Residential Capital, LLC*, 563 B.R. 447, 496 (S.D.N.Y. 2016) (similar); *Fox v. Iowa Health Sys.*, 399 F.Supp.3d 780, 796-97 (W.D. Wis. 2019); *Randolph v. ING Life Ins. & Annuity Co.*, 973 A.2d 701, 711 (D.C. 2009); *Snakenberg v. Hartford Cas. Ins. Co., Inc.*, 383 S.E.2d 2 (S.C. 1989) (similar).

The notification requirement here guarantees that any defendant who can be found liable has knowledge that disclosure after the ten-day mark will violate the covered person's rights—and thus acted with at least ordinary negligence. As defined by the statute, a valid notification must contain a representation that the person making the nondisclosure request is "authorized" to do so under the statute and that they are requesting that "the person cease the disclosure of the information and remove the protected information from the Internet or where otherwise made available." N.J.S.A. 56:8-166:1(a)(2). Any party who receives such a notification will know, or have strong reason to believe, that disclosing or re-disclosing the protected information would violate the rights of covered persons. And because there must have been "receipt" of the notification to establish a violation of the statute, this required level of scienter will necessarily be present in every case in which a defendant is held liable. Defendants may assert failure to receive notice as a defense.

This is far from "strict liability," where "there is no need to prove that the [defendant] knew or should have known" about any danger. *Beshada v. Johns-Manville Prods. Corp.*, 447 A.2d 539, 545 (N.J. 1982); *see also Feldman v. Lederle Labs.*, 479 A.2d 374, 388 (N.J. 1984) ("In strict liability warning cases" the defendant "bear[s] the burden of proving that the information was not reasonably available or obtainable and that it therefore lacked actual or constructive knowledge."). Given the notice requirement, this negligence standard is closer to a "reason to know" standard, which requires a defendant have knowledge of "sufficient facts" to reasonably determine that the disclosure "was prohibited." *Nix v. O'Malley*, 160 F.3d 343, 349 (6th Cir. 1998) (discussing the difference between this standard and negligence); *see also Peavy*, 221 F.3d at 190; *Boehner v. McDermott*, 191 F.3d 463, 472 (D.C. Cir. 1999), *vacated on other grounds*, 532 U.S. 1050 (2001). Indeed, should a gross-negligence standard be applied to the statute, it remains constitutional

because ignoring specific notice of a risk that one's conduct will violate the law is "more than 'inattention' or 'mistaken judgment.'" *See Steinberg v. Sahara Sam's Oasis, LLC*, 142 A.3d 742, 364 (N.J. 2016) (defining gross negligence).

Either way, there is no First Amendment problem. A prohibition that "applies *only* if the using or disclosing person does so 'intentionally,' and 'knows or has reason to know'" that the disclosures involve an unlawful interference with the plaintiff's rights easily meets *Florida Star*. *Peavy*, 221 F.3d at 190; *see also Boehner*, 191 F.3d at 472 (*Florida Star* did not apply to a "knows or has reason to know" standard).

## B. Plaintiffs' Interpretation is Consistent With New Jersey Common Law

Separate and apart from the notice requirement, principles of New Jersey common law confirm that Daniel's Law does not operate with a negligence *per se* standard. Under New Jersey law, statutes "in derogation of the common law" are "strictly construed." *Marshall v. Klebanov*, 902 A.2d 873, 881 (N.J. 2006) (quotation marks and citation omitted). Privacy statutes, in particular, cannot be given a "literal and overly broad" reading that is at odds with the common law. *G.D. v. Kenny*, 15 A.3d 300, 314 (N.J. 2011). And when "[a] literal reading" of a statute "does not provide a definitive answer," courts must rely on "common law analogues" to arrive at the correct "interpretation of the statute." *Evans-Aristocrat Indus., Inc. v. Newark*, 75 N.J. 84, 95 (1977); *see also* Tr. at 98:23–99:1 (noting that New Jersey statutes are "construed consistently with common law unless the statute specifically speaks otherwise").

The claim created by Daniel's Law is analogous to three privacy torts recognized in New Jersey: (1) unreasonable publication of private facts; (2) intrusion upon seclusion; and (3) misappropriation of name and likeness. *See generally Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689 (N.J. 1982). None of these privacy torts impose liability on a *per se* or no-fault standard; Daniel's Law should not be so interpreted, either. *Accord Gallentin Realty Development v.*

*Borough of Paulsboro*, 924 A.2d 447, 457 (N.J. 2007) (it is the duty of New Jersey's courts to "so construe [a] statute as to render it constitutional if it is reasonably susceptible to such interpretation.") (citations omitted).

The most obvious analogue is "the invasion of privacy by unreasonable publication of private facts" tort, which occurs when "the matters revealed were actually private, that dissemination of such facts would be offensive to a reasonable person, and that there is no legitimate interest of the public in being apprised of the facts publicized." *Kenny*, 15 A.3d at 309 (quotation marks and citation omitted).[4] While no New Jersey decision appears to have addressed the question, other courts that also apply the Restatement (Second) have interpreted this test to require actual or constructive knowledge that the fact disclosed was offensive or would otherwise interfere with the plaintiff's privacy interests. *See Johnson v. City of Hoboken*, 299 A.3d 856, 863 (N.J. App. Div. 2023) ("New Jersey follows the Restatement (Second) of Torts."); *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997) (requiring the defendant "knew or should have known that the fact or facts disclosed were private in nature"); *Vassiliades v. Garfinckel's*, 492 A.2d 580, 590 (D.C. 1985) (reasonableness standard applied to question of consent to publication); *Steinbuch v. Hachette Book Grp.*, 2009 WL 963588, at *3 (E.D. Ark. 2009) (requiring "knowledge of the tortious character of the book or knowledge of facts giving rise to a duty to investigate"); *Lee v. Penthouse Int'l, Ltd.*, 1997 WL 33384309, at *8 (C.D. Cal. 1997) (requiring defendant

---

[4] Instead of using a "highly offensive" standard, Daniel's Law targets two limited categories of private facts that, if disclosed, open covered persons to violence, threats, harassment, and interference with the sanctity of the home. Courts have long recognized that it is "highly offensive" to disclose facts jeopardizing the privacy of a person who faces similarly heightened risks. *See* Pl. Opp'n 20-21 (citing *Capra v. Thoroughbred Racing Ass'n of N. Am., Inc.*, 787 F.2d 463, 464 (9th Cir. 1986); *Hyde v. City of Columbia*, 637 S.W.2d 251, 254 (Mo. Ct. App. 1982)).

"knew or had reason to know that a particular article ... disclosed private facts."); *McCabe v. Village Voice, Inc.*, 550 F. Supp. 525, 530 (E.D. Pa. 1982) (applying reasonableness standard).

New Jersey courts would not adopt any lower standard, as negligence *per se* standards are highly disfavored in New Jersey. *Labega v. Joshi*, 270 A.3d 378, 288 (N.J. App. Div. 2022) ("Negligence *per se* is not often invoked in New Jersey because its application is so narrow."); *Braitman v. Overlook Terrace Corp.*, 346 A.2d 76 (N.J. 1975) ("[I]n this State the violation of a statutory duty of care is not conclusive on the issue of negligence in a civil action."). "The only occasion for application of negligence *per se* in New Jersey is in 'the exceptional situation,' where a statute specifically incorporates a common law standard of care." *Labega*, 270 A.3d at 389; *see also id.* at n.6 (noting that the Restatement (Second) of Torts § 288B (1965), "counts New Jersey among the 'small minority'" of states that have generally rejected negligence *per se*). *Cf. Goldhagen v. Pasmowitz*, 255 A.3d 1191, 1198-99 (N.J. 2021) (interpreting statute to impose strict liability only because the Legislature explicitly eliminated a common-law knowledge requirement); *Mascola v. Mascola*, 168 N.J. Super. 122, 127 (N.J. App. Div. 1979).

Consideration of the other analogous "invasion of privacy" torts shows that none of them go below a negligence standard on any element. "[T]he tort of intrusion upon seclusion . . . imposes liability on [o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person." *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1115 (N.J. 2009) (quotation marks and citation omitted). Again, this tort requires proof of a purposeful act of intrusion and negligent disregard of the risk that the intrusion would be offensive. The "misappropriation of name and likeness" tort goes further, requiring the use of a person's name or likeness "for the purpose of appropriating to the defendants' benefit the commercial or other values associated with

9

the name or the likeness that the right of privacy is invaded." *Castro v. NYT Television*, 851 A.2d 88, 97 (N.J. App. Div. 2004) (quotation marks and citation omitted).

## III.    Conclusion

For these reasons, Daniel's Law requires a negligence standard, which is entirely acceptable under *Florida Star* for matters not of public interest. Indeed, the problem *Florida Star* identified was that the statute there allowed liability to be imposed without proof of "ordinary negligence." 491 U.S. at 539. The Supreme Court has never imposed an "actual malice" standard on any privacy torts other than the "false light" tort, which, like defamation, involves misrepresentation. *See Time, Inc. v. Hill*, 385 U.S. 374, 388 (1967). And even in the defamation context, "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher…of defamatory falsehood injurious to a private individual." *Gertz*, 418 U.S. at 347 (upholding negligence standard as applied to suits brought by private persons).[5]  Here, the standard under Daniel's Law is neither  strict liability, nor negligence *per se*, because notice is required and non-receipt of notice is a defense.  Defendants' motion to dismiss should be denied.

---

[5] Defendants suggested that Daniel's Law is problematic under *Gertz* because it contains a liquidated-damages provision, which they analogized to "presumed damages" in defamation. *See* Tr. at 110:16-111:10. But *Florida Star* did not import the requirements for defamation into privacy law. Moreover, even in defamation law, "permitting recovery of presumed and punitive damages" even without "a showing of 'actual malice' does not violate the First Amendment" when, as here, the "statements do not involve matters of public concern." *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 763 (1985). The modest liquidated damages permitted under Daniel's Law also do not present the problem of the "largely uncontrolled discretion of juries" at common law to "award substantial sums as compensation … without any proof that harm actually occurred" that lead the Court to require "knowledge of falsity or reckless disregard for the truth" to recover presumed damages in cases involving a matter of public concern in *Gertz*. 418 U.S. at 349.

Dated:  October 11, 2024    Respectfully submitted,

**PEM LAW LLP**

By: s/_ Rajiv D. Parikh_   

 Rajiv D. Parikh
 Kathleen Barnett Einhorn
 Jessica A. Merejo
 One Boland Drive, Suite 101
 West Orange, New Jersey 07052
 Tel: (973) 577-5500
 rparikh@pemlawfirm.com
 keinhorn@pemlawfirm.com
 jmerejo@pemlawfirm.com

 **BOIES SCHILLER FLEXNER LLP**
 Mark Mao (Admitted *pro hac vice*)
 44 Montgomery St., 41st Floor
 San Francisco, CA 94104
 Tel.: (415) 293-6800
 mmao@bsfllp.com

 Adam R. Shaw (Admitted *pro hac vice*)
 30 South Pearl Street, 12th Floor
 Albany, NY 12207
 Tel: (518) 434-0600
 ashaw@bsfllp.com

 Samantha Parrish (*pro hac vice* to be filed)
 2029 Century Park East, Suite 1520
 Los Angeles, CA 90067
 Tel.: (213) 629-9040
 sparrish@bsfllp.com

 Eric Palmer (Admitted *pro hac vice*)
 401 East Las Olas Blvd., Suite 1200
 Fort Lauderdale, FL 33301
 Tel.: (954) 356-0011
 epalmer@bsfllp.com

 **MORGAN & MORGAN COMPLEX
 LITIGATION GROUP**
 John A. Yanchunis (*pro hac vice* to be filed)
 Ryan J. McGee (*pro hac vice* to be filed)
 201 North Franklin Street, 7th Floor

11

Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

*Attorneys for Plaintiffs*